**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**RHODE ISLAND AFFILIATE,**
**AMERICAN CIVIL LIBERTIES**
**UNION, INC. and STEVEN BROWN,**
**Individually and in his capacity as Executive**
**Director of Rhode Island Affiliate, American**
**Civil Liberties Union, Inc.,**
**Plaintiffs**

**v.** **C.A. No. 04-487T**

**ROGER N. BEGIN, in his Official Capacity**
**As Chairman of the Rhode Island Board of**
**Elections, and THOMAS V. IANNITTI,**
**JUDITH H. BAILEY, JOHN A. DALUZ,**
**FLORENCE G. JOHNSON, FRANK J. REGO,**
**RAYMOND A. XAVIER in their capacities**
**As Commissioners of the Rhode Island Board**
**Of Elections and GEORGE BOWEN, in his**
**Official Capacity as Acting Executive Director**
**Defendants**

## BRIEF OF THE ATTORNEY GENERAL

## INTRODUCTION

Patrick C. Lynch, Attorney General of the State of Rhode Island (the "Attorney General"), respectfully submits this Brief of the Attorney General. The Attorney General has intervened as *amicus curiae* because this civil action, *inter alia*, draws into question the constitutionality of certain sections of the Rhode Island Campaign Contributions and Expenditures Reporting Act, R. I. General Laws § 17-25-1 et seq. (the "Act").

## BACKGROUND

The parties to this case are the Rhode Island Affiliate, American Civil Liberties Union, Inc. ("RI ACLU"), the Greater Providence Chamber of Commerce ("Chamber")

and the chair, commissioners and executive director of the Rhode Island Board of Elections (the "Board"). Plaintiff RI ACLU's Complaint pleads the following Counts:

**Count I** – The Prohibition On Corporate Contributions Set Forth In §§ [17]-25-10.1(h)&(j) Violates The First Amendment[1]

**Count II** – Contribution Limitations Set Forth In §17-25-10.1(a) Violate The First Amendment

**Count III** – The Board's 1995 Opinion Is Unconstitutionally Overbroad

**Count IV** – Section 17-25-10(b) Is Unconstitutionally Vague And Overbroad If Applied To Ballot Questions

**Count V** – The 1995 Opinion and § 17-25-10(b) Violate The Plaintiffs' Fist Amendment Rights

**Count VI** – The Board's 1995 Opinion Misinterprets State Statutes

Plaintiff Chamber's Complaint pleads all of the above Counts, albeit in different order, and sets forth an additional claim:

**Count I** – The Chamber Is Not Acting In Concert Within The Meaning Of § 17-25-10.1(B) When It Solicits Its Membership For Financial Support In Connection With Ballot Referendum Issues

Upon receipt of the Court's Order Directing Certification of Constitutional Challenge to the Attorney General dated October 28, 2005, the undersigned contacted the Attorneys of Record for the RI ACLU, Chamber and Board, and requested and reviewed the pleadings and legal briefs. Thereafter, the Attorney General determined that intervention is necessary and proper.

---

[1] The citation in the RI ACLU's Complaint, Count I, to Title 10 of the General Laws, which is repeated in the Chamber's Complaint, Count II, appears to be an unintended, typographical error. The challenged statute is Title 17, Chapter 25, Section 10.1(h)&(j).

## ARGUMENT

### 1. <u>The Prohibition On Corporate Contributions Set Forth In R.I. Gen. Laws § 17-25-10.1(h) and (j).</u>

R.I. Gen. Laws § 17-25-10.1(h) reads:

> It shall be unlawful for any corporation, whether profit or non-profit, domestic corporation or foreign corporation, as defined in § 7-1.1-2, or other business entity to make any campaign contribution or expenditure, as defined in § 17-25-3, to or for any candidate, political action committee, or political party committee, or for any candidate, political action committee, or political party committee to accept any campaign contribution or expenditure from a corporation or other business entity. Any contribution made in the personal name of any employee of a corporation or other business entity, for which the employee received or will receive reimbursement from the corporation or other business entity, shall be considered as a contribution by the corporation or other business entity, in violation of this section.

R.I. Gen. Laws § 17-25-10.1(j) reads:

> Except as provided in subsection (h) of this section, no entity other than an individual, a political action committee which is duly registered and qualified pursuant to the terms of this chapter, political party committee authorized by this title, or an authorized committee of an elected official or candidate established pursuant to this chapter shall make any contribution to or any expenditure on behalf of or in opposition to any candidate, ballot question, political action committee, or political party.

Plaintiffs RI ACLU and Chamber claim that they "intend[ ] to make <u>contributions to support or defeat ballot questions</u> in the future; there is a credible threat of prosecution under § 17-25-10.1(h)&(j); and §§ 17-25-10.1(h)&(j) chill [their] First Amendment freedoms of expression and association." RI ACLU Complaint, ¶ 47 and Chamber Complaint, ¶ 50 (emphasis added). Upon information and brief, the Attorney General understands RI ACLU's Count I and Chamber's Count II to be concerned with and limited to "contributions to support or defeat ballot questions."

The Attorney General has fully reviewed R.I. Gen. Laws § 17-25-10.1(h) and (j), and the U.S. Supreme Court precedent. Respectfully, limited solely to Plaintiffs' alleged claim of the "inten[t] to make contributions to support or defeat ballot questions," the Attorney General is unable to distinguish the Supreme Court's Opinion in First National Bank of Boston v. Bellotti, 435 U.S. 765, 98 S.Ct. 1407 (1978), and its holding that a Massachusetts statute prohibiting certain corporations from making contributions to influence the vote on ballot questions was unconstitutional.[2] In addition, the Attorney General is unable to distinguish the holding in Vote Choice v. DiStefano, 814 F.Supp. 195, 197 (D.R.I. 1993), that "§ 17-25-10.1(j), to the extent that it prohibits corporations from making independent expenditures to influence the outcome of a ballot question, violates plaintiffs' rights under the First and Fourteenth Amendments." (Emphasized.)

### 2. The Contribution Limitations Set Forth in R.I. Gen. Laws § 17-25-10.1(a).

R.I. Gen. Laws § 17-25-10.1(a) reads:

> No person, other than the candidate to his or her own campaign, nor any political action committee shall make a contribution or contributions to any candidate, as defined by § 17-25-3, or political action committee or political party committee which in the aggregate exceed one thousand dollars ($1,000) within a calendar year, nor shall any person make contributions to more than one state or local candidate, to more than one political action committee, or to more than one political party committee, or to a combination of state and local candidates and political action committees and political party committees which in the aggregate exceed ten thousand dollars ($10,000) within a calendar year, nor

[2] Massachusetts' statutory prohibition contained an exemption for ballot questions "materially affecting" corporate business; however, Section 10.1(j) contains no exemptions and, thus, completely prohibits corporate contributions for ballot questions.

> shall any political action committee make such contributions which in the aggregate exceed twenty-five thousand dollars ($25,000) within a calendar year, nor shall any candidate or any political action committee or any political party committee accept a contribution or contributions which in the aggregate exceed one thousand dollars ($1,000) within a calendar year from any one person or political action committee.

Plaintiffs RI ACLU and Chamber ask the Court to "declare that the prohibition on contribution limitations set forth in § 17-25-10.1(a) are unconstitutional under the First Amendment to the extent the law limits contributions for the purpose of supporting or defeating ballot questions." RI ACLU and Chamber Complaints, Prayer for Relief, § b. The Attorney General has fully reviewed R.I. Gen. Laws § 17-25-10.1(a), and the U.S. Supreme Court precedent. Respectfully, the Attorney General is unable to distinguish Citizens Against Rent Control v. City of Berkeley, 454 U.S. 290, 102 S.Ct. 434 (1981), and its holding that a city ordinance placing a limitation on contributions to committees in support of or in opposition to ballot measures violated the First Amendment rights of association and expression. See also Bellotti, *supra*.

**3. The Remaining Counts And Claims.**

As to the remaining counts and claims, The Attorney General respectfully adopts and incorporates by reference the Trial Brief filed by Defendants, the chair, commissioners and executive director of the Rhode Island Board of Elections.

## CONCLUSION

In National Revenue Corporation v. Violet, 807 F.2d 285 (1st Cir. 1986), the First Circuit stated that "an attorney general may [ ] inform the court that, in his opinion, a statute is flawed ... but this would be in the context that the court would make the final, considered ruling." Id. at 288 (citing Delchamps, Inc. v. Alabama State Milk Control Board, 324 F.Supp. 117 (M.D. Ala. 1971). Accordingly, the Attorney General has intervened in this civil action and files this Brief as *amicus curiae*.

Therefore, for the reasons set forth herein, the Attorney General respectfully requests that the Honorable Court grant such relief as the interests of justice and the public interest may require.

Respectfully submitted,

PATRICK C. LYNCH
ATTORNEY GENERAL

Thomas A. Palombo, Bar No. 4212
Assistant Attorney General
150 South Main Street
Providence, R.I. 02903
(401) 274-4400 ext. 2296
FAX: (401) 222-2995

## CERTIFICATION

I hereby certify I hand-delivered a true copy of this Brief, on this ~~15th~~ 16th TAP day of December, 2005 to:

**Howard A. Merten, Esquire**
**Michael W. Sweeney, Esquire**
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

**James Ryan, Esquire**
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

**Raymond A. Marcaccio, Esquire**
**Christine M. Curley, Esquire**
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903