**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC. and STEVEN BROWN, Individually and in his Capacity as Executive Director of Rhode Island Affiliate American Civil Liberties Union, Inc.** *Plaintiffs* | : | |
| **Vs.** | : | **C.A. No. 04-487T** |
| **ROGER N. BEGIN, in his Official Capacity as Chairman of the Rhode Island Board of Elections, et al.** *Defendants* | : | |
| **THE GREATER PROVIDENCE CHAMBER OF COMMERCE** *Intervenor* | : | |

**DEFENDANTS' NOTICE OF REGULATORY AND LEGISLATIVE ACTION**

Now come Defendants and hereby notify this Honorable Court, Plaintiff, Intervenor and entities filing amicus curiae briefs of the following regulatory and legislative action.

On March 7, 2006, the Board of Elections will hold a hearing seeking public comment on proposed regulations regarding The Rhode Island Campaign Contributions and Expenditures Act, R.I. Gen. Laws § 17-25-10. A copy of said proposed regulation is attached hereto as Exhibit A. It should be noted that this regulation supercedes the regulation that was attached to Defendants' Trial Brief as Exhibit B2.

The Board of Elections shall also submit to the General Assembly proposed legislation entitled Ballot Question Advocacy and Reporting, intended to become a new

provision of the General Laws, Title 17, Chapter 25.2. A copy of said proposed legislation is attached hereto as Exhibit B.

The proposed legislation contains the term "ballot question advocacy coalition" and is defined at §17-25.2-3(b) to mean "two or more persons combining *resources* with a cumulative total that exceeds one thousand dollars ($1,000.00) to advocate the support or defeat of a ballot question" (emphasis provided). The term "resources" shall mean:

"contributions in the form of money, gifts, loans, paid personal services or other thing of value, including, but not limited to, providing letters, brochures, flyers, handbills, lawn signs, posters, bumper sticker, buttons or other materials for use or distribution by another partnership, committee, association, corporation, coalition, or other organization intending to advocate the support or defeat of a ballot question."

Counsel brings these terms to the attention of this Honorable Court and the parties due to Defendants' discussion in their Trial Memorandum at pages 5, 10, and 14, which state that political action committee reporting and contribution disclosure requirements are only triggered when monies have been contributed from more than one person for the express purpose of ballot question advocacy. As set forth above, the draft legislation states that contributions between entities shall include *money, as well as other "resources*." While the statute will thus cover things of value in addition to money, the draft statute (if passed) would still be clear in both definition and scope, and would not impermissibly infringe upon the First Amendment rights of ballot question advocates.

Attorney for Defendants,

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *Notice* was faxed and mailed, postage prepaid, to Howard A. Merten, Esquire, PARTRIDGE SNOW & HAHN, LLP, 180 South Main Street, Providence, RI 02903, James W. Ryan, Esquire, PARTRIDGE SNOW & HAHN, LLP, 180 South Main Street, Providence, RI 02903, Thomas A. Palombo, Assistant Attorney General, 150 South Main Street, Providence, RI, 02903, Robert G. Flanders, Mitchell R. Edwards, HINCKLEY, ALLEN & SNYDER, LLP, 1500 Fleet Center, Providence, RI, 02903, and Thomas R. Bender, HANSON CURRAN LLP, 146 Westminster Street, Providence, RI, 02903 on the 10th day of February, 2006.