**Re: Proposed Regulations regarding R.I.G.L. § 17-25-10**

**Section 1. Purpose**

The Board adopts the following rules and regulations to clarify the reporting requirements and contribution limits as applied to ballot question advocacy under the Rhode Island Campaign Contributions and Expenditures Act. These rules and regulations supersede all prior advisory opinions relating to contributions and expenditures for ballot question advocacy, including but not limited to AO 95-01 and AO 96-01.

**Section 2. Definitions**

For the purpose of the within rules and regulations the following definitions are adopted and included herein:

(1) "Ballot question" means any question, charter change, constitutional amendment, referendum or voter initiated petition placed on any state, district, city, town or municipal ballot for a general or special election.

(2) "Ballot question advocacy" means advocacy for the support or defeat of a ballot question. For purposes of these regulations, ballot measure advocacy does not include "electioneering communications."

(3) "Electioneering Communications" means any broadcast, cable, print, signage [including but not limited to billboards and posters] or satellite communication which

(a) refers to a clearly identified candidate for State or local office;

(b) is made within--

(i) 60 days before a general, special, or runoff election for the office sought by the candidate; and

(ii) 30 days before a primary or preference election, or a convention or caucus of a political party that has authority to nominate a candidate, for the office sought by the candidate; and

(c) in the case of a communication which refers to a candidate for an office other than a statewide office, is targeted to the relevant electorate.

(4) "Acting in concert" as applied to contributions for ballot question advocacy, means communicating for the purpose of soliciting funds from another person that is not a member, shareholder, owner or partner of the same preexisting legal entity to which the soliciting person is associated. The factors enumerated at R.I. Gen. Laws § 17-25-23 are applicable to contributions and expenditures on behalf of candidates and are not applicable to ballot question advocacy.

(5) "Independent expenditure" means an expenditure by a person advocating the support or defeat of a ballot question from funds that are derived from one source and that are not the product of specific fundraising.

**<u>Section 3.</u> <u>Application</u>**

A. A preexisting legal entity that uses existing funds from its general treasury or other general accounts to advocate the passage or defeat of a ballot question shall not be considered acting in concert and shall not be subject to the organizational and reporting requirements of a political action committee.

B. A preexisting legal entity that solicits funds from its membership to advocate the passage or defeat of a ballot question shall not be considered acting in concert but shall be subject to the organizational and reporting requirements of a political action committee. Said entity may apply to the Board for a waiver of the organizational and reporting requirements for a political action committee as set forth in Section 4.

C. A preexisting legal entity that solicits funds from outside of its membership to advocate the passage or defeat of a ballot question shall be considered acting in concert and shall be deemed a PAC and be subject to the organizational and reporting requirements for a political action committee.

D. Any legal entity, organization, coalition or other association formed for a purpose that includes the soliciting funds for advocating the passage or defeat of a ballot question, whether presently on a ballot or with respect to questions that may be placed on a ballot in a future election, shall be subject to the organizational and reporting requirements for a political action committee.

**Section 4. Disclosure and Reporting**

A. A preexisting legal entity that uses existing funds to advocate the passage or defeat of a ballot question shall be required to comply with the independent expenditure reporting requirements of § 17-25-10 (b).

B. **Waiver.** - A preexisting legal entity that solicits funds from its membership to advocate the passage or defeat of a ballot question may apply to the Board for a waiver of the political action committee requirements by submitting a letter to the Board requesting said waiver. Said entity cannot accept any contributions from its members for the specific purpose of ballot question advocacy prior to filing a notice of formation of a political action committee or prior to obtaining a waiver from the Board.

The Board shall, whenever reasonable, act on the request for a waiver within seven (7) days from the receipt thereof. The Board shall consider the totality of the circumstances, including but not limited to, the following factors:

a. The date of formation of the entity;

b. The entity's declared purpose in its corporate filings or other organizational materials;

c. The number of members, owners, shareholders or partners;

d. The administrative burdens caused by the political action committee requirements as demonstrated by the waiver applicant;

e. Whether the membership of the organization or entity includes corporations or unions;

f. Whether the entity accepts contributions from corporations or unions; and

g. Past campaign advocacy activities of the entity with respect to both candidate advocacy and ballot question advocacy.

Membership contributions to the entity that has obtained a political action committee waiver to advocate the passage or defeat of a ballot question shall not be subject to the contribution limits set forth in § 17-25-10.1.

C. In the event a waiver of the political action committee requirements is approved by the Board, said entity shall be required to comply with the following reporting requirements:

a. The entity shall be comply with the independent expenditure reporting requirements of § 17-25-10 (b), and shall be required to report all of its expenditures and expenses if the total of the money so expended exceeds one hundred dollars ($100) within a calendar year to the Board within seven (7) days of making the expenditure.

b. The entity shall report all contributions from members for the purpose of advocating the passage or defeat of a ballot question, if the total of the money received from a single member as the result of a specific ballot question solicitation exceeds one hundred dollars ($100) within a calendar year, which shall be reported to the Board within seven (7) days of receiving the contribution.

D. A political action committee that receives contributions and expends funds to advocate the passage or defeat of a ballot question must comply with the reporting requirements of § 17-25-8.1 and § 17-25-10 through § 17-25-15.