**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC., AND STEVEN BROWN, INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC,<br>Plaintiffs<br><br>v.<br><br>ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE RHODE ISLAND BOARD OF ELECTIONS, THOMAS V. IANNITTI, JUDITH A. BAILEY, JOHN A. DALUZ, FLORENCE G. JOHNSON, FRANK J. REGO, RAYMOND A. XAVIER, IN THEIR CAPACITIES AS COMMISSIONERS OF THE RHODE ISLAND BOARD OF ELECTIONS AND GEORGE BOWEN, IN HIS OFFICIAL CAPACITY AS ACTING EXECUTIVE DIRECTOR<br>Defendant<br><br>THE GREATER PROVIDENCE CHAMBER OF COMMERCE,<br>Intervenor | C.A. No. 04-487/T |

**<u>MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u>**

Plaintiffs Rhode Island Affiliate of the American Civil Liberties Union ("RI ACLU") and Steven Brown respectfully move this Honorable Court, pursuant to Fed. R. Civ. P. 65 for an order temporarily and preliminarily enjoining defendants, until further order of this Court, from taking any enforcement action against the RI ACLU, Steven Brown, or anyone

acting in concert with them on ballot advocacy issues based upon any of the following:

(a) R.I.G.L. § 17-25-10(b);

(b) R.I.G.L. § 17-25-23;

(c) R.I.G.L. § 17-25-10.1 (a), (h), (j); and

(d) Board of Elections Advisory Opinion AO-95-01

In support of this motion, plaintiffs rely upon and incorporate herein the following submissions:

(1) Plaintiffs' Trial Memorandum filed on October 31, 2005 together with supporting Statement of Facts and Exhibits;

(2) Plaintiffs' Reply Memorandum, filed on December 9, 2006;

(3) the Affidavits of Ari A. Matusiak and Allan Stein submitted on February 15, 2006 in support of the Amicus Curiae Brief of the Rhode Island Foundation and the United Way of Rhode Island ; and

(4) the Memorandum of Law submitted herewith.

RHODE ISLAND AFFILIATE
AMERICAN CIVIL LIBERTIES UNION,
INC., AND STEVEN BROWN,
individually and in his capacity as executive
director of Rhode Island Affiliate, American
Civil Liberties Union, Inc,

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 17 , 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION was faxed mailed, postage prepaid, on this 17th day of February, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

Thomas R. Bender, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Robert G. Flanders, Jr., Esq.
Mitchell R.Edwards
HINCKLEY, ALLEN & SNYDER
1500 Fleet Center
Providence, RI 02903

Louis J. Saccoccio, Esq.
Office of the General Counsel
University of Rhode Island
Green Hall, 35 Campus Avenue
Kingston, RI 02881

[signature]

841567_1/800056-2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. AND STEVEN BROWN, INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF RHODE ISLAND AMERICAN CIVIL LIBERTIES UNION, INC.,<br>Plaintiffs<br><br>v.<br><br>ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE BOARD OF ELECTIONS AND THOMAS V. IANNITTI, JUDITH A. BAILEY, JOHN A. DALUZ, FLORENCE G. JOHNSON, FRANK J. REGO, RAYMOND A. XAVIER, IN THEIR CAPACITIES AS COMMISSIONERS OF THE RHODE ISLAND BOARD OF ELECTIONS AND GEORGE BOWEN, IN HIS OFFICIAL CAPACITY AS ACTING EXECUTIVE DIRECTOR<br>Defendant<br><br>THE GREATER PROVIDENCE CHAMBER OF COMMERCE,<br>Intervenor | C.A. No. 04-487/T |

**MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs Rhode Island Affiliate, American Civil Liberties Union (RI ACLU) and Steven Brown respectfully, and after due consideration of all available options and alternatives, bring this motion for a temporary restraining order and preliminary injunction. Plaintiffs understand that this matter is now fully briefed and awaits final decision by this Court. Plaintiffs bring this present motion for immediate relief for two reasons:

1. Plaintiffs, and those with whom they are working on this November's Voting Rights referendum (including amicus curiae, The Rhode Island Foundation), have determined that it is critically important that their efforts on a difficult and intensive campaign begin immediately and that each passing day threatens concrete injury to these efforts. The process of community organizations preparing amicus briefs has highlighted and focused the concerns of all involved and led to the conclusion that the organizational and educational efforts planned and necessary for the Rhode Island Right to Vote effort cannot wait and require immediate injunctive relief.

2. Defendants' recent Notice of Regulatory and Legislative Action requires response and raises concerns that defendants are, at least implicitly, asking this Court to delay decision on this matter pending hypothetical and still problematic "solutions."

The Attorney General of the State of Rhode Island has weighed in, as have Amicus on behalf of The Rhode Island Foundation, The United Way of Rhode Island and Common Cause. Plaintiffs understand that the Court has substantial filings before it to review in order to render a full and complete decision on the merits. Plaintiffs respectfully submit that these same materials support providing the immediate interim relief so desperately needed by the parties and their allies, pending a full decision on the merits.

## I. <u>STANDARD FOR TEMPORARY OR PRELIMINARY INJUNCTIVE RELIEF</u>

To be granted temporary or preliminary injunctive relief, Plaintiff must show that (1) they will suffer irreparable harm if the injunctive is not granted; (2) that such injury is outweighed by any injury suffered by the defendants; (3) that there is a likelihood of success on the merits; and (4) that the public interest is not adversely affected by the grant of the injunction. *AFL-CIO Laundry & Dry Cleaning Int'l Union v. AFL-CIO Laundry*, 70 F.3d 717, 718 (1st Cir.

1995). *See, also, Ardito v. City of Providence*, 263 F. Supp. 2d 358, 365-366 (D.R.I. 2003) (Torres, C.J.).

A. **<u>Plaintiffs Are Presently and Will Continue To Suffer Irreparable Injury</u>**

The Supreme Court and the First Circuit have found that "[t]he loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). *See, also, Providence Firefighters Local 799 v. City of Providence*, 26. F. Supp. 2d 350, 354 (D.R.I. 1998) (citation omitted) ("Deprivation of constitutionally-protected rights for even minimal amounts of time constitute not only injury, but irreparable injury"); *Cirelli v. Town of Johnston School Dist.*, 888 F. Supp. 13, 16 (D.R.I. 1995). When an alleged deprivation of the First Amendment is involved, no further showing of irreparable injury is necessary. *Streetwatch v. National Railroad Passenger Corporation*, 875 F. Supp. 1055, 1058 (S.D.N.Y. 1995).

The RI ACLU outlined in its previous submissions the issues surrounding the Rhode Island Right to Vote Campaign Coalition. The RI ACLU, along with a number of other community groups, is on the Steering Committee of a Coalition led by the Family Life Center formed to help pass this ballot initiative. (Exh. 10, 63). It is also a corporation desirous of contributing to this effort. (Exh. 63).

The Coalition's efforts to move forward with their campaign have been completely stymied by the present state of Rhode Island's ballot advocacy campaign finance laws. The Coalition's major funders refuse to release funds earmarked for this effort because they are concerned about the prohibitory language contained in R.I. Gen. Laws §§ 17-25-10(b) and 10.1(a), (h), and (j). (Affidavit of Ari A. Matusiak, ¶ 21).

The Rhode Island Foundation has approved a grant of $79,000 to the Right to Vote effort, but will not release these funds. This grant represents roughly one-third of the

projected funding for this campaign. Without these funds, the Coalition through its lead agency, the Family Life Center, cannot begin its campaign. (Matusiak Affidavit, ¶¶ 7-10).

Critically, the Coalition cannot hire a campaign manager. The strategies and timetables it had in place are no longer viable. (Matusiak Affidavit, ¶ 8. See, also Exh. 10[1]). It must hire a campaign manager and reconstitute its entire campaign strategy. If the campaign does not get funded and under way immediately, other national charitable organizations are less likely to fund the campaign. (Matusiak Affidavit, ¶ 9). In the words of one of the major funders of this campaign, "the campaign to support the right to vote will end before it begins." (Matusiak Affidavit, ¶ 9).

The very first sentence of the Right to Vote Strategy Overview prepared several months ago stated, "time is of the essence." Exh. 10. The work necessary to support this ballot question is substantial. Besides hiring a campaign manager (which, itself, can take substantial time), over the next few months between now and November, the Coalition must:

- Raise and collect hundreds of thousands of dollars in further contributions from national funders;
- Recruit campaign organizers, interns, and volunteers;
- Obtain and publicize the endorsements of community organizations and leaders, faith leaders, and business leaders;
- Locate and organize impacted individuals and their families;
- Recruit, educate, and train individuals for a speakers' bureau;
- Hire a public relations firm;
- Staff and develop a newsletter;
- Develop media contacts and generate stories regarding impacted families;

[1] Exhibit references are to the exhibits submitted by plaintiffs in support of their Trial Memorandum.

- Develop and distribute brochures, posters, lawn signs, shirts, bracelets, buttons, and similar materials;
- Develop a mobile display booth and informational DVD;
- Identify billboard locations and design billboard content;
- Develop a broadcast media campaign, including television and radio ads;
- Design and conduct polling;
- Recruit, educate and train a media response team; and
- Generate a database of supporters.

(Exh. 10). Many of these activities involve grass-roots organizational activities and require substantial lead time.

Apart from this partial list of campaign objectives, the very nature of this ballot question requires time for the grassroots and educational efforts to sink in. This campaign is to extend voting rights to convicted felons after they complete their incarceration. The supporters of this initiative believe that their arguments are compelling and persuasive. But they are realistic enough to know that the initial negative responses of some voters will need to be overcome. (Exh. 10). Every day of the few months left between now and November is critical to this effort.

**B. <u>The Equities of the Parties and the Public Interest Decidedly Favor the Issuance of Emergency Temporary Relief</u>**

The General Assembly has deemed the Right to Vote Referenda important enough to warrant a vote by the people of Rhode Island. That vote should be based on as complete and vigorous a campaign as possible. The issuance of this injunction will allow critically needed funding to pour in and the Coalition's efforts to pass this initiative to begin.

Against this interest, the Board has proffered only one interest – disclosure. That is not even an issue in this campaign. The funders have been disclosed voluntarily and are

already public. One of them submitted an affidavit. Further, the Coalition has no objection to voluntarily disclosing its funders. Indeed, one of the fundamental strategies of the Coalition's campaign efforts is to recruit as broad a collection of supporters as possible and publicize the identities of those supporters.

### C. **<u>The RI ACLU is Likely to Succeed On The Merits of Its Claim</u>**

This lawsuit raises, essentially, three issues all in the context of ballot question advocacy: (1) the constitutionality of the State's prohibition of corporate contributions; (2) the constitutionality of the State's limitations on contribution amounts; and (3) the constitutionality of the State's restrictions on "in concert" activities.

As to the first two issues, the defendants and the Attorney General have conceded that these issues have been decided in plaintiffs' favor in the United States Supreme Court decisions of *First National Bank v. Ballotti*, 435 U.S. 765 (1978) and *Citizens Against Rent Control v. City of Berkeley*, 454 U.S. 290 (1981).[2]

As to the third issue, plaintiffs have demonstrated in their earlier submissions (incorporated herein) that the statutes and regulations surrounding the concept of "in concert" activity are in complete disarray and unconstitutional on several different grounds. The submission of *Amicus Curiae* further substantiate and, indeed, elaborate on those failings. Plaintiffs incorporate but will not repeat all of these arguments here. On the specific use of likelihood of success, plaintiffs direct the Court's attention to plaintiffs' Reply Brief which recounts in detail how defendants have essentially abandoned any defense of Advisory Opinion 95-01 and R.I. Gen. Laws §§ 17-25-10(b) and 23 as they apply to ballot question advocacy.

[2] Importantly, the proposed regulations and legislation do not even address these problems. *See*, *infra*, Section D.

**D. This Court Should Not Delay The Entry of Immediate Interim Relief Pending the Possible Adoption of New Regulations or Legislation**

First and foremost plaintiffs submit the Court should decide this motion for emergency relief on the law as it exists presently. Plaintiffs and those with whom they seek to work are suffering real, immediate and irreparable harm. Statutory prohibitions are preventing them from receiving and disbursing funds and precluding protected associative activity. They are entitled to relief from unconstitutional restrictions on their election activities.

Second, the Court cannot be assured of what, if any, further regulations or legislation might ultimately be approved or when. On this point, it bears repeating that similar legislation submitted to the General Assembly last year was not even reported out of committee.

Third and finally, neither the proposed regulations nor the proposed legislation will solve the problems raised in this lawsuit:

- Neither eliminates the prohibitions on corporate contributions or contribution limitations. The proposed regulations in Section 4B specifically reference "the contribution limits set forth in § 17-25-10.1.11. The proposed legislation does so implicitly in 17-25.2-6.

- The proposed legislation contains the same definitional confusion respecting "person" that prompted much of the issues presently before the Court. *See,* Proposed Legislation, § 17-25.2-3(d) and (f).

- The proposed legislation reincorporates the entire "in-concert" concept, this time in the guise of "Independent ballot question advocate." § 17-25.2-3(d). This new term is defined as "a 'person' [which problematically still includes "committees", "associations" or "other organizations"] "acting independently…" The term "acting independently" is not defined.

- The proposed legislation still contains prior restraints on collective ballot question advocacy that do not apply to individuals. *See,* §17-25.2-4.

- As set forth at more length in earlier submissions, the proposed regulations flatly contradict the present statutory framework.

- Both still impose all of the statutory burdens of PACs on ballot question advocacy groups — overkill to achieve defendants' sole identified interest — disclosure. *See,* Amicus Briefs of Common Cause and of United Way and Rhode Island Foundation.

- Both declare multipurpose organizations to be "PACs" if they solicit contributions. Thus, important funding sources will still be preempted (See, Affidavit of Allan Stein, ¶ 11), and enormous confusion will ensue when multipurpose organizations like HousingWork RI or the RI ACLU, are deemed to be PAC and required to "dissolve" within 30 days of the election. See § 17-25.2-7(d).

This list is not meant to be exhaustive, nor exhaustively briefed. (Likewise, this list mentions only the continuing problems. Both the proposed regulations and legislation also create new and different serious problems not ripe for consideration here.) To the extent that the defendants seek to imply that the issues raised before this Court will be fixed, however, that is decidedly not the case.

## CONCLUSION

The plaintiffs' efforts with respect to the Rhode Island Right to Vote Campaign and the efforts of innumerable other communities and agencies committed to this important public issue are stalled and their continued viability is threatened. Immediate relief from plainly unconstitutional restrictions is critical. For these reasons, Plaintiffs respectfully request that this Court issue, at the earliest possible moment, the temporary and preliminary injunctive relief set forth in Plaintiff's motion.

RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION,
INC. AND STEVEN BROWN, Individually
And In His Capacity As Executive Director
of Rhode Island American Civil Liberties
Union, Inc.,

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: February 17, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF TEMPORARY RESTRAINING ORDER was faxed and mailed, postage prepaid, on this 17th day of February, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

Thomas R. Bender, Esq.
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Robert G. Flanders, Jr., Esq.
Mitchell R. Edwards
HINCKLEY, ALLEN & SNYDER
1500 Fleet Center
Providence, RI 02903

Louis J. Saccoccio, Esq.
Office of the General Counsel
University of Rhode Island
Green Hall, 35 Campus Avenue
Kingston, RI 02881

841577_1/800056-2