**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC. and STEVEN BROWN, Individually and in his Capacity as Executive Director of Rhode Island Affiliate, American Civil Liberties Union, Inc.** *Plaintiffs* | : | |
| **Vs.** | : | **C.A. No. 04-487T** |
| **ROGER N. BEGIN, in his Official Capacity as Chairman of the Rhode Island Board of Elections, and THOMAS V. IANNITTI, JUDITH H. BAILEY, JOHN A. DALUZ, FLORENCE G. JOHNSON, FRANK J. REGO, RAYMOND A. XAVIER, in their Capacities as Commissioners of the Rhode Island Board of Elections and GEORGE BOWEN, in his Official Capacity as Acting Executive Director** *Defendants* | : | |
| **THE GREATER PROVIDENCE CHAMBER OF COMMERCE** *Intervenor* | : | |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

Now come Defendants, Roger N. Begin, in his official capacity as Chairman of the Rhode Island Board of Elections, et al., and hereby object to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. In support of said objection, Defendants rely upon the attached memorandum of law.

Defendants,
By their Attorney,

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: February 21, 2006

## CERTIFICATION

I hereby certify that a true copy of the foregoing *DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION* was faxed to the following attorneys of record on the 21st day of February, 2006.

Howard A. Merten, Esquire
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

James W. Ryan, Esquire
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palombo
Assistant Attorney General
Attorney General's Office
150 South Main Street
Providence, RI 02903

Robert G. Flanders, Esquire
Mitchell R. Edwards, Esquire
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, RI 02903

Thomas R. Bender, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Louis J. Saccoccio, Esquire
Office of the General Counsel
University of Rhode Island
Green Hall, 35 Campus Avenue
Kingston, RI 02881

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC. and STEVEN BROWN, Individually and in his Capacity as Executive Director of Rhode Island Affiliate, American Civil Liberties Union, Inc.** *Plaintiffs* | : | |
| **Vs.** | : | **C.A. No. 04-487T** |
| **ROGER N. BEGIN, in his Official Capacity as Chairman of the Rhode Island Board of Elections, and THOMAS V. IANNITTI, JUDITH H. BAILEY, JOHN A. DALUZ, FLORENCE G. JOHNSON, FRANK J. REGO, RAYMOND A. XAVIER, in their Capacities as Commissioners of the Rhode Island Board of Elections and GEORGE BOWEN, in his Official Capacity as Acting Executive Director** *Defendants* | : | |
| **THE GREATER PROVIDENCE CHAMBER OF COMMERCE** *Intervenor* | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants, Roger N. Begin, in his official capacity as Chairman of the Rhode Island Board of Elections, et al. (hereinafter "the Board of Elections" or "Defendants"), submit this memorandum of law in opposition to the motion for a temporary and/or preliminary injunction filed by Plaintiffs, Rhode Island Affiliate American Civil Liberties Union, Inc. and Steven Brown, individually and in his capacity as Executive Director (hereinafter collectively

"Plaintiffs" or "ACLU"). Plaintiffs are not entitled to the emergency relief that they now seek, since they cannot establish the existence of a concrete injury or an imminent threat of such injury.[1]

Plaintiffs filed their lawsuit on November 18, 2004. The Greater Providence Chamber of Commerce moved to intervene, which was granted by this Court on February 1, 2005, without opposition by Defendants. The Chamber filed its complaint on or about March 7, 2005. The parties proceeded to conduct discovery and, upon completion, submitted trial memoranda and supporting exhibits. On January 6, 2006, the Court invited interested persons and organizations to submit *amicus curiae* briefs on or before today, February 21, 2006. Now, at the very conclusion of this lawsuit, Plaintiffs file a motion for an emergency injunction against Defendants precluding the enforcement of (a) R.I. Gen. Laws § 17-25-10(b); (b) R.I. Gen. Laws § 17-25-23; (c) R.I. Gen. Laws § 17-25-10.1(a), (h), (j); and (d) Board of Elections Advisory Opinion AO-95-01.

The test that Plaintiffs must meet before this Court will grant such emergency relief is a familiar one. Plaintiffs must show that (1) they will suffer irreparable harm if the injunctive relief is not granted; (2) that such injury is outweighed by any injury suffered by the Defendants; (3) that there is a likelihood of success on the merits; and (4) that the public interest is not adversely affected by the grant of the injunction. *AFL-CIO Laundry & Dry Claening Int'l Union v. AFL-CIO Laundry*, 70 F.3d 717, 718 (1st Cir.1995). Establishing irreparable harm is critical to the Court's analysis and injunctive relief will not be granted in the absence of such irreparable harm.

The ACLU asserts that the Rhode Island Right to Vote Campaign Coalition ("the Coalition") intends to support a 2006 ballot referendum that would affect the voting rights of

[1] Defendants incorporate by reference their trial memorandum of law.

convicts and parolees. Relying on an affidavit submitted with the *amicus curiae* brief of the Rhode Island Foundation (the "Foundation"), the ACLU argues that the Coalition has been denied a contribution of $79,000 from the Foundation. *See,* Affidavit of Ari A. Matusiak, ¶¶ 7-10. It is not entirely clear on what basis the ACLU has standing to make this assertion. Even assuming the existence of such standing, the ACLU has not, and cannot, proffer evidence that the Board has taken any action to prohibit the transfer of said monies.

Approximately one week ago, counsel for the ACLU notified counsel for the Board of Elections that the Foundation would not release said monies to the Coalition, the Board's counsel invited all interested parties to submit their position in writing to the Board so that the Board could consider the issue. The Board has not taken any adverse action against either the Foundation, the Coalition, or the ACLU, in connection with the anticipated transfer of monies to the Coalition. The Board has not threatened any of these entities with the enforcement of the laws that are subject to the instant lawsuit. The representations made by the Board in its trial memorandum, and echoed by the Rhode Island Attorney General, demonstrate that the state is aware of the existing constitutional limitations and likely effect that such limitations have on the statutory provisions that are the subject of this lawsuit. Instead of attempting to resolve the Foundation's concerns through a dialogue with the Board, the ACLU has instead filed the present motion for a temporary restraining order and preliminary injunction. Thus, the ACLU is now left in the untenable position of claiming some likely adverse action by the state when none has occurred or is imminent. As a matter of law, the ACLU's motion should be denied.

The cases cited by the ACLU are distinguishable. In the *Elrod*, *Cirelli* and *Streetwatch* cases cited by Plaintiffs, proactive State action inhibited and/or threatened the First Amendment rights of the respective plaintiffs. *See Elrod v. Burns,* 427 U.S. 347 (1976) (dismissal or threat of

dismissal based on public employees' support or nonsupport of particular political party violated employees' First Amendment rights); *Cirelli v. Town of Johnston School District*, 888 F.Supp. 13 (S.R.I. 1995) (violation of First Amendment where school district instructed teacher 1) to cease and desist from using video camera to document health and safety violations at school, and 2) not to release the video without the school district's permission); *Streetwactch et al. v. National Railroad Passenger Corporation, et al.*, 875 F.Supp. 1055 (S.D.N.Y. 1995) (grant of injunctive relief based on homeless plaintiffs' Constitutional rights where practice of Amtrak police was to arrest homeless persons in Penn Station without explanation or cause).

The *Providence Firefighters* case addressed a situation wherein no government action was undertaken prior to the plaintiffs filing suit. There, the plaintiffs sought a ruling that the fire department rules and regulations that placed restrictions on a firefighters' right to speak in public were unconstitutional, despite the fact that none of the plaintiffs had actually spoken in public or been reprimanded under the department's regulations. *See, Providence Firefighters Local 799 v. City of Providence, et al.*, 26 F.Supp.2d 350 (D.R.I. 1998). In the present lawsuit, the Board of Elections concedes in its trial memorandum that the statutory provisions must be applied in the context of applicable constitutional limitations.

The Board has made clear that (1) it has not taken any action against the ACLU, the Foundation, or the Coalition, (2) has not threatened to prohibit the transfer of said monies, (3) has offered to discuss the concerns of any entity that intends to contribute monies to any ballot measures. As set forth in its trial memorandum, the Board's interest is clearly articulated: it seeks to ensure that the voters remain aware of the sources of monies used to either support or defeat an existing ballot measure. The ACLU concedes that such reporting requirements are not a concern for the Foundation and the Coalition. The ACLU states that "the Board has proffered

only one interest – disclosure. That is not even an issue in this campaign. The funders have been disclosed voluntarily and are already public." Plaintiffs' Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction at 5-6.

Since this Court is about to address the merits of this matter in the context of a final decision, it need not make a separate ruling at this point in time. It is more prudent to assess the legal positions presented in the parties memoranda, exhibits, as well as the *amicus curiae* briefs, and render a final determination. There is simply no need to make an emergency determination at this stage of the litigation, especially when the concerned parties have not even attempted to exhaust their remedial avenues with the Board of Elections.

Defendants,
By their Attorney,

Raymond A. Marcaccio, Esquire (#3569)
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: February 21, 2006

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION* was faxed to the following attorneys of record on the 21st day of February, 2006.

Howard A. Merten, Esquire
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

James W. Ryan, Esquire
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palombo
Assistant Attorney General
Attorney General's Office
150 South Main Street
Providence, RI 02903

Robert G. Flanders, Esquire
Mitchell R. Edwards, Esquire
Hinckley, Allen & Snyder, LLP
1500 Fleet Center
Providence, RI 02903

Thomas R. Bender, Esquire
Hanson Curran LLP
146 Westminster Street
Providence, RI 02903

Louis J. Saccoccio, Esquire
Office of the General Counsel
University of Rhode Island
Green Hall, 35 Campus Avenue
Kingston, RI 02881

Ladina Hendrickson