**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC., ET AL.<br>Plaintiffs | : | |
| v. | : | |
| ROGER N. BEGIN, in his official capacity as Chairman of the Rhode Island Board of Elections, ET AL.<br>Defendants | : | C.A. No. 04-487/T |
| GREATER PROVIDENCE CHAMBER OF COMMERCE<br>Intervener | : | |

**THE RHODE ISLAND FOUNDATION AND UNITED WAY OF RHODE ISLAND'S MOTION TO INTERVENE**

Pursuant to Federal Rule of Civil Procedure 24, the Rhode Island Foundation and the United Way of Rhode Island hereby move to intervene in the above-captioned action for the reasons set forth in the accompanying memorandum. Pursuant to Rule 24(c), this motion is also accompanied by a pleading setting forth the claims for which intervention is sought.

WHERFORE, in the Rhode Island Foundation and United Way of Rhode Island respectfully request their Motion to Intervene be granted.

THE RHODE ISLAND FOUNDATION and
THE UNITED WAY OF RHODE ISLAND
By Their Attorneys,

Robert G. Flanders, Jr.
Mitchell Edwards

Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)

Dated: March 1, 2006

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Howard A. Merten, Esq.<br>Partridge, Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903<br>861-8200<br>Fax: 861-8210 | James W. Ryan, Esq.<br>Partridge, Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903<br>861-8200<br>Fax: 861-8210 |
| Thomas A. Palombo, Esq.<br>Attorney General's Office<br>150 South Main Street<br>Providence, RI 02903<br>274-4400<br>Fax: 222-2995 | Christine M. Curley, Esq.<br>275 Beacon Drive<br>North Kingstown, RI 02852<br>294-0847 |
| Raymond A. Marcaccio, Esq.<br>55 Dorrance Street<br>Suite 400<br>Providence, RI 02903<br>861-2900<br>Fax: 861-2922 | Thomas R. Bender, Esq.<br>Hanson Curran LLP<br>The Francis Building<br>146 Westminster Street<br>Providence, RI 02903 |
| Louis Saccoccio, Esq.<br>Office of the General Counsel<br>University of Rhode Island<br>Green Hall, 35 Campus Avenue<br>Kingston, Rhode Island 02881<br>Fax: 874-44803 | |

I certify that I faxed and mailed a copy of this Motion to the above named counsel of record on the 1st day of March, 2006.

Kandy M. Marchand

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC., ET AL.<br>Plaintiffs | : | |
| v. | : | |
| ROGER N. BEGIN, in his official capacity as Chairman of the Rhode Island Board of Elections, ET AL.<br>Defendants | : | C.A. No. 04-487/T |
| GREATER PROVIDENCE CHAMBER OF COMMERCE<br>Intervenor | : | |

**MEMORANDUM OF LAW**
**IN SUPPORT OF THE RHODE ISLAND FOUNDATION AND THE UNITED WAY OF RHODE ISLAND'S UNOPPOSED MOTION TO INTERVENE**

## I. INTRODUCTION

The Rhode Island Foundation ("RI Foundation") and the United Way of Rhode Island ("United Way") move to intervene in the above-captioned case pursuant to Rule 24 of the Federal Rules of Civil Procedure. None of the parties to the lawsuit oppose this motion to intervene.

Before the Court is a fundamentally unfair and unconstitutional statute that infringes upon the First Amendment rights of individuals and entities that want to work together to advocate for or against certain ballot initiatives that come before voters in Rhode Island. Intervention by the RI Foundation and the United Way is necessary because their impending ballot-question activities will violate the Rhode Island Contributions and Expenditure Reporting Act, R.I. Gen. Laws § 17-25-1, *et seq.*, (the

"Act") and the Rhode Island Board of Election's (the "Board") 1995 Advisory Opinion 95-01 (the "1995 Opinion").

The RI Foundation and the United Way have important interests in the outcome of this litigation. They urgently need to resolve the uncertainty that the Act and the Board's 1995 Opinion have created, which has chilled certain ballot-advocacy activities planned for the November 2006 election. The Court should permit the RI Foundation and the United Way to intervene in this action to ensure that their interests which differ in important ways from the Plaintiffs, are fully protected in this lawsuit.

## II. BACKGROUND

The plaintiffs, Rhode Island Affiliate, American Civil Liberties Union, Inc. ("RI ACLU") and Steven Brown, Individually and in his Capacity as Executive Director of RI ACLU, and Intervenor, Greater Providence Chamber of Commerce (the "Chamber") are challenging the constitutionality of certain provisions in the Act and 1995 Opinion.

The Act prohibits an individual or entity from "acting in concert" with any other individual or entity to advocate for the approval or rejection of a ballot question. R.I.G.L. § 17-25-10(b). According to the Board, for individuals or entities to work together to advocate for or against a ballot measure, those individuals or entities must do so only by forming a political action committee ("PAC"). But the Act severely limits contributions that an individual or entity may make to a PAC and altogether forbids contributions from corporations to PACs.

Among other requests, the RI ACLU and the Chamber have asked this Court to declare that: (a) the Board's 1995 Opinion is unconstitutionally overbroad; (b) the definition of "in concert" activity set forth in § 17-25-23 and incorporated into

§ 17-25-10(b) is unconstitutionally vague and overbroad as applied to the solicitation or expenditure of funds to advocate the approval or rejection of ballot questions; and (c) § 17-25-10(b) and the Board's 1995 Opinion are unconstitutional under the First Amendment to the extent that they prohibit the RI ACLU, Mr. Brown, and any other entity from: 1) soliciting or making "in concert" contributions or expenditures with respect to ballot questions; and 2) otherwise acting together with another entity to advocate for or against ballot questions without complying with PAC reporting requirements. They also ask the Court to permanently enjoin the Board from taking any enforcement action against the RI ACLU or Mr. Brown individually pursuant to the 1995 Opinion or § 17-25-10(b) for making "in concert" expenditures to advocate for or against a ballot question without forming a PAC.

The RI Foundation and the United Way incorporate by reference the Affidavit of Ari Matusiak and the Affidavit of Allan Stein filed with the Court on February 15, 2006 as if fully set forth herein. (Docket Entry # 37, Attachment #'s 1, 2). As set forth in detail in those affidavits, the RI Foundation and the United Way want to work through HousingWorks RI – a coalition of organizations and entities favoring greater affordable housing in Rhode Island – to advocate for a $75 million bond for affordable housing, which the group seeks to place on the 2006 ballot. In addition, the RI Foundation wants to provide money to the Family Life Center to support a voting rights initiative that is already on the November 2006 ballot. The Act's prohibition on these "in concert" activities violates the First Amendment. For the reasons stated below, the Court should permit the RI Foundation and the United Way to intervene in this action to protect their significant interests.

## III. ARGUMENT

### A. RI Foundation and United Way Should Be Permitted to Intervene in this Case as a Matter of Right.

Under Federal Rule of Civil Procedure 24(a)(2), a non-party may intervene in an action as a matter of right if the applicant: (1) makes a timely application for intervention; (2) has an interest relating to the property or transaction that is the subject of the proceeding; (3) is situated such that a disposition of the action may impair or impede its ability to protect the interest; and (4) shows that its interests will not be adequately represented by the existing parties. See Travelers Indemnity Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989). These criteria must be considered together, not discretely. See 6 Moore's Federal Practice, § 24.03(1)(b) (Matthew Bender 3rd ed.). If the interests favoring intervention outweigh those opposed, intervention should be granted as a matter of right. See id. Here, the RI Foundation and the United Way satisfy each requirement.

#### 1. The RI Foundation and the United Way's motion to intervene is timely.

The requirement of timeliness must be considered within the factual context of each case. The mere passage of time, in itself, does not render an application untimely. See 6 Moore's Federal Practice, § 24.21(1) (Matthew Bender 3rd ed.). The timeliness of the RI Foundation and the United Way's motion to intervene is measured by: (1) the amount of time the RI Foundation and the United Way have known or should have known about their interest in the lawsuit; (2) any prejudice to existing parties that may result from any delay in moving to intervene; (3) any prejudice suffered by the RI Foundation and the United Way if not allowed to intervene; and (4) the existence of

unusual circumstances militating either for or against intervention. See Culbreath v. Dukakis, 630 F.2d 15, 20-24 (1st Cir. 1980).

Even an application made at a late stage in the proceedings may be timely if it is made soon after the intervenors have notice that intervention may be necessary to protect their interests. See 6 Moore's Federal Practice, § 24.21(1) (Matthew Bender 3rd ed.). In response to the Court's invitation, the RI Foundation and the United Way initially filed briefs as *amici curiae* on February 15, 2006. In the process of preparing those briefs, the RI Foundation and the United Way became fully aware - for the first time - of the scope of the Act's provisions and the implications the Act has on their own activities. After the Court denied Plaintiffs' request for a Temporary Restraining Order to prevent the Board from enforcing the Act the RI Foundation and the United Way decided it was necessary for them to take a more active role to protect their interests.

None of the existing parties to the lawsuit will suffer any prejudice if the RI Foundation and the United Way intervene. The Board of Elections does not object to the motion to intervene. Neither does the ACLU or the Chamber. The RI Foundation and the United Way will not seek to add any additional evidence beyond what is already filed with the Court and will not seek to alter the schedule already set by the Court.

If the RI Foundation and the United Way are precluded from intervening, however, they will be prejudiced. The decision in this lawsuit will directly affect their stalled ballot-question initiatives. Without the ability to intervene as parties, the RI Foundation and the United Way lack the ability to ensure that their interests are fully represented before the Court.

There are no unusual circumstances that militate against the intervention of the RI Foundation and the United Way. Each of the foregoing elements weighs in favor of a finding of timeliness. The Court should conclude that the RI Foundation and United Way's motion to intervene is timely.

**2. The RI Foundation and the United Way have a substantial interest in this matter.**

Applicants for intervention must have a claim bearing a "sufficiently close relationship" to the dispute between the original litigants. See Travelers Indemnity Co. v. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989). The interests of applicants for intervention are examined less strictly when a public law is at issue. See 6 Moore's Federal Practice, § 24.03(2)(c) (Matthew Bender 3rd ed.).

The Act seriously infringes on First Amendment-protected political speech that the RI Foundation and the United Way plan on undertaking: contributions and expenditures made to advocate for or against ballot questions. Thus, the decision in this lawsuit will determine whether the Act may constitutionally prohibit the RI Foundation and the United Way's planned ballot-advocacy activities, including their joint sponsorship of ballot initiatives. Cf. Yniguez v. State of Arizona, 939 F.2d 727, 733 (9th Cir. 1991) ("there appears to be a virtual *per se* rule that the sponsors of a ballot initiative have a sufficient interest in the subject matter of the litigation [regarding that initiative] to intervene pursuant to Fed.R.Civ.P. 24(a)."). Therefore, the RI Foundation and the United Way have a significant interest in this lawsuit.

**3. The RI Foundation and the United Way's ability to protect their interests in this action is impaired.**

The third requirement for intervention "is satisfied whenever disposition of the present action would put the applicant at a practical disadvantage in protecting his interest." 7C Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, ("Wright & Miller") Federal Practice and Procedure § 1908 (2d ed. 1986). An applicant's interest is plainly impaired if disposition of the action in which intervention is sought will prevent any future attempts by the applicant to pursue its interest. This impairment must be practical and not theoretical. See 6 Moore's Federal Practice, § 24.03(3)(a) (Matthew Bender 3rd ed.)

A decision upholding the challenged law in this case has the practical effect of drastically limiting, if not actually preventing, the RI Foundation and the United Way from undertaking ballot-question advocacy with each other as well as with third-party organizations. This activity is an important part of what the RI Foundation and United Way plan to do for the community and part of their strategy to help Rhode Islanders in need. The decision in this case largely determines what presence they will have in the community and what strategies they will be able to pursue. The Court's determination in this lawsuit may not only impair, but also completely prohibit that presence in the community.

**4. The RI Foundation and the United Way's interests are not adequately represented by the existing parties or by their mere status as *amici curiae*.**

The RI Foundation and the United Way's interests are not adequately represented in this case. An applicant bears the burden of showing that the existing parties inadequately represent their interests in the action. But that burden is minimal. This

minimal burden is satisfied if the applicant for intervention shows only that the representation of their interest "may be" inadequate. See Public Service Company of New Hampsire v. Patch, 136 F.3d 197, 207 (1st Cir. 1998). Any doubt regarding the adequacy of representation should be resolved in favor of the proposed intevenor. See Fed. Sav. & Loan Ins. Co. v. Falls Chase Special Taxing District, 983 F.2d 21, 216 (11th Cir. 1993); see also Conservative Law Foundation of New England, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992).

The present plaintiffs apparently object to certain of the disclosure requirements in the Act (e.g., in the interest of protecting anonymous speech, they seek to avoid complying with what they assert is the undue and oppressive burden of disclosure and record keeping requirements that PACs must meet in connection with ballot advocacy contributions and expenditures). The Rhode Island Foundation and the United Way are not challenging these requirements.[1] Although the RI Foundation and the United Way specifically challenge the Act's contributions and expenditures limitations in the context of ballot advocacy, they do so without objecting to the applicable disclosure and reporting requirements. This is a significant difference in the would-be intervenors' positions from the existing plaintiffs that itself warrants granting their motion to intervene.

In addition, the ACLU is an issue-advocacy organization, while the RI Foundation and the United Way are philanthropic, charitable organizations with broader and different interests in various public issues facing Rhode Island. The RI Foundation and the United Way are focused on the Act's prohibition of "in concert" activity as it

---

[1] The RI Foundation and the United Way are challenging the requirement to form a PAC to advocate for or against ballot questions.

relates to working with other non-profit organizations to advocate for or against ballot questions; they are not membership organizations like the ACLU and the Chamber. Thus, the Court should permit the RI Foundation and the United Way to intervene to make sure their different operational interests are adequately protected.

In addition, an important purpose of intervention is to prevent the multiplicity of suits that involve common questions of law or fact. See 6 Moore's Federal Practice, § 24.03(5)(b) (Matthew Bender 3rd ed.). The Plaintiffs are challenging the constitutionality of portions of the Act on First Amendment grounds. The RI Foundation and the United Way also wish to challenge portions of the Act on First Amendment grounds.[2] Efficiency will result from resolving these issues in a single proceeding.

Finally, "participation as amicus curiae, rather than a party, is appropriate if a person cares about the legal principles that apply to a dispute but has no personal, legally protectible interest in the litigation." Atlantic Mutual Ins. Co. v. Northwest Airlines, Inc., 24 F.3d 958, 961 (7th Cir. 1994). The RI Foundation and the United Way have a personal and legally protectible interest in this case. These organizations are ready to advocate for ballot questions in the November 2006 election. Whether or not they are permitted to do so depends on the decision in this litigation.

[2] In Daggett v. Comm. Of Governmental Ethics and Election Practices, 172 F.3d 104, 111 (1st Cir. 1999), the First Circuit stated that "adequate representation is presumed where the goals of the applicants are the same as those of the plaintiff or defendant . . . ," but noted that such presumptions can be rebutted. The Court vacated the District Court order denying intervention and remanded the case back to the District Court to reconsider its judgment in light of the First Circuit's clarification of Moosehead Sanitary Dist. v. S.G. Philips Corp., 610 F.2d 49 (1st Cir. 1979) and the circumstances under which the presumption may be rebutted. As Judge Lynch noted in a concurring opinion, in which she discussed various matters that the District Court might wish to consider on remand: "The rationale for intervention may have particular force where the subject matter of the lawsuit is of great public interest, the intervenor has a real stake in the outcome and the intervention may well assist the court in its decision through the production of relevant evidence and the framing of the issues." Daggett, 172 F.3d at 116-117.

In light of the foregoing, the RI Foundation and the United Way should be allowed to intervene in this case as a matter of right to protect their interests.

**B. Alternatively, the Court Should Permit RI Foundation and United Way to Intervene in this Case Pursuant to Rule 24(b).**

Fed. R. Civ. Pro. Rule 24(b) provides a mechanism by which a court can permit a non-party to intervene regardless of whether it may do so as a matter of right.

Permissive intervention is appropriate if the proposed intervenor's motion is timely, if the proposed intervenor's claim or defense presents a common question of law or fact with main action, and if the court, in its discretion, determines that the intervention would not unduly delay or prejudice the rights of the parties to the action. See Wright & Miller, § 1911 at 358-63.

**1. The RI Foundation and the United Way's motion to intervene is timely.**

The RI Foundation and the United Way's motion to intervene is timely for the reasons set forth above in § III.A.1.

**2. The RI Foundation and the United Way's claims contain questions of law and fact that are common to the pending action.**

The claims that the RI Foundation and the United Way seek to assert in this case are grounded in questions of law and fact that are common to those asserted in this lawsuit. This case centers around the limitations imposed by the Act on ballot-question advocacy by corporations and persons "acting in concert" and certain PAC requirements. Whether those limitations and requirements run afoul of the First Amendment in the context of ballot-question advocacy is the same issue raised by both the Plaintiffs and the applicants for intervention.

**3. The Court should exercise its discretion to permit intervention in this matter.**

Intervention is particularly appropriate here because the RI Foundation and the United Way offer a unique perspective, which will not "unduly delay" this matter. See Wright & Miller, § 1913 at 381-83 ("[R]ule 24(b)(2) requires the court to consider whether intervention will 'unduly delay' the adjudication."). To the contrary, the trial schedule will remain intact and no new evidence will be added to the record.

## IV. CONCLUSION

For the reasons discussed above, this Court should permit the RI Foundation and the United Way to intervene in this case either as a matter of right or, exercising its discretion, on a permissive basis pursuant to Rule 24.

THE RHODE ISLAND FOUNDATION and
THE UNITED WAY OF RHODE ISLAND
By Their Attorneys,

Robert G. Flanders, Jr. (#1785)
Mitchell R. Edwards (#6942)
HINCKLEY, ALLEN & SNYDER LLP
1500 Fleet Center
Providence, Rhode Island 02903
(401) 274-2000
(401) 277-9600 (fax)

Dated: March 1, 2006

**CERTIFICATE OF SERVICE**

| | |
|---|---|
| Howard A. Merten, Esq.<br>Partridge, Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903<br>861-8200<br>Fax: 861-8210 | James W. Ryan, Esq.<br>Partridge, Snow & Hahn LLP<br>180 South Main Street<br>Providence, RI 02903<br>861-8200<br>Fax: 861-8210 |
| Thomas A. Palombo, Esq.<br>Attorney General's Office<br>150 South Main Street<br>Providence, RI 02903<br>274-4400<br>Fax: 222-2995 | Christine M. Curley, Esq.<br>275 Beacon Drive<br>North Kingstown, RI 02852<br>294-0847 |
| Raymond A. Marcaccio, Esq.<br>55 Dorrance Street<br>Suite 400<br>Providence, RI 02903<br>861-2900<br>Fax: 861-2922 | Thomas R. Bender, Esq.<br>Hanson Curran LLP<br>The Francis Building<br>146 Westminster Street<br>Providence, RI 02903 |
| Louis Saccoccio, Esq.<br>Office of the General Counsel<br>University of Rhode Island<br>Green Hall, 35 Campus Avenue<br>Kingston, Rhode Island 02881<br>Fax: 874-44803 | |

I certify that I faxed and mailed a copy of this Memorandum of Law to the above named counsel of record on March 1, 2006.

Kandy M Marchand