FAX 331-9267

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ***RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION et al Plaintiffs*** | } | |
| ***v.*** | } | ***C.A. NO. 04-487T*** |
| ***ROGER N. BEGIN et al Defendants*** | } | |

***MOTION OF THE FAMILY LIFE CENTER TO INTERVENE UNDER RULE 24(a) & (b)***

The Family Life Center (The Center), a Rhode Island 501 (c) (3) corporation, moves to intervene as a plaintiff pursuant to Rule 24 of the Federal Rules of Civil Procedure. The Center relies upon the attached proposed complaint, submitted in accordance with Rule 24(c), and the accompanying memorandum.

The Center maintains that intervention is appropriate under Rule 24(a) (2) since it has a direct interest in the subject matter of this case and is situated so that the outcome may impair its ability to protect any opportunity to receive the two grants currently on hold for the Center's "Right to Vote" Campaign regarding the November 2006 ballot referendum. Because other parties cannot vicariously assert the harm facing the Center, there is a question of adequacy of representation, not in the sense of advocacy or conflicting positions on the merits, but in the sense of standing to assert imminent harm to First Amendment interests.

In addition, the Center moves for permissive intervention under Rule 24(b) (2) since the Center's claim shares common questions of law with the existing plaintiffs.

The Center will not seek any discovery rights nor will it request any delay in the adjudication of the rights of the original parties. Beyond this motion to intervene, the Center will not seek the opportunity to submit additional briefing on the issues, beyond what has already been submitted to the Court.

***Wherefore***, the Family Life Center moves to intervene as a plaintiff in this action, pursuant to Rule 24(a) (2) or, alternatively, Rule 24 (b) (2).

Respectfully submitted
The Family Life Center
By its Attorney:

John W. Dineen, Esq. #2346
American Civil Liberties Union,
R.I. Affiliate
121 South Main Street
Providence, RI 02903
Tel. (401)331-3550
Fax (401)331-9267

***CERTIFICATION***

I hereby certify that on the 1st day of March, 2006, I faxed a true copy of the within Motion to: ***Howard A. Merten, Esq., at fax number 861-8210, Raymond A. Marcaccio, Esq., 861-2922, Thomas R. Bender, Esq., 521-7040, Thomas Palumbo, Esq., 222-2995, Louis J. Saccoccio, Esq., 874-4803, Robert G. Flanders, Esq. and Mitchell R. Edwards, Esq., both at 277-9600.***

John W. Dineen

FAX 331-9267

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| ***RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION et al Plaintiffs*** | } } | |
| ***v.*** | } | ***C.A. NO. 04-487T*** |
| ***ROGER N. BEGIN et al Defendants*** | } } | |

***MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE BY THE FAMILY LIFE CENTER***

## *I. INTRODUCTION*

The Rhode Island Family Life Center (the Center) participated in a telephone conference with the Court on February 28, 2006, regarding the intention on the part of the Rhode Island Foundation, The United Way of Rhode Island, and the Family Life Center to file motions to intervene in this case. The Board of Elections has indicated that it does not oppose the motions to intervene. Discussion and arguments regarding possible intervention took place during the conference with the Court, and the Center will not repeat what has already been put forth.

In addition, the Center agreed at the conclusion of the conference that it would rely on a motion, proposed pleading, and this memorandum, waiving further hearing or oral argument on its motion to intervene. The Center stressed that it did not wish to delay this case in any way.

## *II. ARGUMENT*

### *A. The Center's Motion should be granted under Rule 24 (a) (2), Intervention of Right.*

Under Rule 24 (a) (2) the Center should be allowed to intervene as of right if the request is timely, the Center has an interest relating to the property or transaction that is the subject of the proceeding, is situated such that a disposition of the action may impair or impede its ability to protect the interest, and the Center shows that its interests will not be adequately represented by the existing parties.

No one has questioned the Center's ability to meet the second and third criteria. Indeed, the pending grants to the Center hang in the balance as the merits of this case proceed. And the Center's proposed "Right to Vote" campaign currently looks to the two grants as the lion's share of its campaign budget. As a result, the Center, at least at the moment, is probably the most totally affected entity in relation to the challenged statutory provisions.

The first criterion is the timeliness of the application. Although this case was filed in 2004, it was only in December of 2005 that the Center received commitments, albeit conditional, regarding the two significant grants, one from co-intervenor Rhode Island Foundation. See proposed Center complaint, paragraph 8 and attachment (Rhode Island Foundation letter of December 15, 2005). Had the Center moved to intervene in the past, stating that it was presuming or expecting that it would, or might, receive the grants, two problems would have ensued. First, the Center's legal position may well have been described as not yet ripe. Secondly, apart from legal concerns, the Center's presumptuous view of its chances with

would-be grantors would have been impolitic to say the least. It should be noted that legislative success for the Center, in getting the referendum approved for the ballot, did not come until July 2005. The application process for the grants did not even begin until after that time.

As a result the Center has not waited an unreasonable time to seek intervention. There is no prejudice to existing parties. Indeed, no party objects.

The last criterion, relating to adequacy of representation by the existing parties, should be resolved in favor of the potential intervenor. Conservation Law Foundation of New England v. Mosbacher, 966 F.2d 39 (1st Cir. 1992). No other party can present to the Court, the same immediacy of harm, the same imminent (and present) impact of the challenged statutes as the recipient of the stalled grants, a recipient that will have its referendum campaign become a moot campaign before it is well begun. Both before this Court and as part of any possible appellate proceedings, the Center's immediacy of harm cannot be vicariously presented by another party.

As a result the "adequacy of representation" criterion is met without even venturing into a parsing of the various legal positions of the parties with regard to each section of the statute.

***B. Permissive Intervention is also Appropriate***

The Center has also moved for intervention under Rule 24(b), should the Court not approve intervention as of right.

The timeliness factor must still be satisfied, and the same considerations apply, as set forth, above, in relation to Rule 24(a). In addition, there are certainly

common questions of law. In fact, with the exception of adding the names of the Center and its grantors, the proposed intervenor's complaint seeks to emphasize the identity of issues by *adopting* the same six legal claims as set forth in the original complaint. The Center wishes to emphasize that it is not injecting new legal claims or even new legal arguments.

The Family Life Center could today file a new action in this Court, also against these defendants, raising the same legal claims. The Center's claims would now be ripe. It would no doubt be appropriately labeled a "related case" and consolidated with this action in order to prevent inconsistent or duplicative adjudications. Intervention is the more appropriate path, particularly where no delay will be occasioned.

## *III. CONCLUSION*

The motion to intervene, by the Rhode Island Family Life Center, should be granted.

Respectfully submitted
The Family Life Center
By its Attorney:

John W. Dineen, Esq. #2346
American Civil Liberties Union,
R.I. Affiliate
121 South Main Street
Providence, RI 02903
Tel. (401)331-3550
Fax (401)331-9267

***CERTIFICATION***

I hereby certify that on the 1st day of March, 2006, I faxed a true copy of the within Motion to: ***Howard A. Merten, Esq., at fax number 861-8210, Raymond A. Marcaccio, Esq., 861-2922, Thomas R. Bender, Esq., 521-7040, Thomas Palumbo, Esq., 222-2995, Louis J. Saccoccio, Esq., 874-4803, Robert G. Flanders, Esq. and Mitchell R. Edwards, Esq., both at 277-9600.***

John W. Dineen