# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. AND STEVEN BROWN, INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC.,<br>Plaintiffs<br>v. | |
| | C.A. No. 04-487/T |
| ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE RHODE ISLAND BOARD OF ELECTIONS, ET AL.,<br>Defendant | |
| THE GREATER PROVIDENCE CHAMBER OF COMMERCE,<br>Intervenor | |

## MOTION FOR ATTORNEYS FEES AND FOR ENLARGEMENT

Plaintiffs Rhode Island Affiliate of The American Civil Liberties Union and Steven Brown move pursuant to 54(d) and L.R. Cv. 54.1 for an award of attorneys fees under 42 U.S.C. § 1998. Plaintiff also moves pursuant to F.R. Civ.P. 6(b) for an enlargement *nunc pro tunc*, through the date of the filing of this motion to file this Motion for Attorneys Fees, and for a further brief enlargement of five days until June 6, 2006 within which to file the further supporting materials set forth in L.R. Cv. 54.1(b).

Plaintiffs submit the accompanying memorandum of law and Affidavit of Howard A. Merten, Esq. in support of this motion.

RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION,
INC. AND STEVEN BROWN,
INDIVIDUALLY AND IN HIS
CAPACITY AS EXECUTIVE DIRECTOR
OF RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION,
INC.,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: June 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing MOTION FOR ATTORNEYS FEES was mailed, postage prepaid, on this 2nd day of June, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

859237_1/800056-2

FILED
2006 JUN -5 P 3:32

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. AND STEVEN BROWN, INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC.,
Plaintiffs

v. C.A. No. 04-487/T

ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE RHODE ISLAND BOARD OF ELECTIONS, ET AL.,
Defendant

THE GREATER PROVIDENCE CHAMBER OF COMMERCE,
Intervenor

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS FEES**

Plaintiffs Rhode Island Affiliate of the American Civil Liberties Union and Steven Brown move for an award of attorneys fees as the prevailing party under 42 U.S.C. § 1988. Plaintiffs move further pursuant to F.R. Civ.P. 6(b) for an enlargement, *nunc pro tunc* through the time of the filing of this motion, to file their request for attorneys fees. Finally, plaintiffs move for a further, very brief enlargement of five days, through June 6, 2006, within which to file the supporting materials delineated in L.R. Cv. 54.1.

**A. Plaintiffs Are Prevailing Parties Pursuant To 42 U.S.C. § 1988**

Plaintiffs filed this action pursuant to 42 U.S.C. § 1983. Complaint, ¶ 6. Plaintiffs' Complaint specifically sought attorneys fees. Complaint, Prayer for Relief, ¶ h.

The Decision and Judgment of this Court declared that:

1. the "not acting in concert" language of R.I.G.L. § 17-25-10(b) violated the First Amendment to the extent it applied to expenditures in support of or in opposition to ballot questions;

2. R.I.G.L. § 17-25-10.1(h) and (j) violate the First Amendment to the extend they prohibit corporations from making contributions from their own funds;

3. the dollar limits on contributions set forth in R.I.G.L. § 17-25-10.1(a) apply only to candidate and not ballot question elections; and

4. the State of Rhode and the Board of Elections are permanently enjoined from enforcing the above provisions to the extent declared unconstitutional.

The judgment let stand certain PAC requirements also challenged by plaintiffs.

Plaintiffs are considered to "prevail" if they "...succeed on any significant issue in the litigation which achieves some of the benefit [they] sought in bringing the suit." *Pontarelli v. Stone,* 781 F.Supp. 114, 119 (D.R.I. 1992). The Judgment entered by this Court clearly establishes that plaintiffs are prevailing parties on numerous significant issues raised in their Complaint.

**B. <u>Timeliness</u>**

In the interest of forthrightness, plaintiffs wish to address, sua sponte, the issue of the timeliness of this motion. The Judgment in this case was entered on the docket on May 17, 2006. Affidavit of Howard Merten, Exhibit A. Both F.R. Civ.P. 54(d) and L.R. Cv. 54.1 state that a motion for attorneys fees should be filed within fourteen (14) days after entry of judgment. This motion, as a result of mistake and inadvertence, is being filed on the sixteenth calendar day from the date of entry. For this reason, plaintiffs seek an enlargement pursuant to F.R. Civ.P. 6(b) *nunc pro tunc*, to allow the present motion.

This Court addressed a similar request in *Rhode Island Assoc. of Realtors, Inc. v. Whitehouse,* C.A. No. 97-593T, 9/7/99 (attached hereto). There, prevailing parties in a civil

rights action filed their motion for attorneys fees four days late. The Court ruled that "Rule 6(b)(2) provides that a district court does not have to apply a time limit rigidly when a party's failure to meet the deadline was the result of 'excusable neglect'." This Court allowed the petition to proceed, as have numerous other federal courts faced with short delays due to inadvertence that did not result in prejudice to the defendant and were not the result of bad faith. *See, e.g., Tancredi v. Metropolitan Life Ins. Co.*, 256 F.Supp.2d 196, 199-200 (S.D.N.Y. 2003) (twenty-one day delay); *Schering Corporation v. Amgen, Inc.*, 198 F.R.D. 422 (D.Del. 2001) (one day); *Sokoloff v. General Nutrition Companies*, 2001 WL 536072 (D.N.J. 2001) (sixteen days); *Sugarbacker v. SSM Health Care*, 187 F.3d 853 855-6 (8th Cir. 1999) (one day); *Bissett v. Casey*, 969 F.Supp. 118, 124-125 (N.D.N.Y. 1997) (two days or ten days).

In *RI Assoc. of Realtors*, this Court discussed what excusable neglect entails, citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 352-395 (1993). The Supreme Court noted that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept," and enunciated several factors lower courts should consider when determining whether a party's failure to comply with court rules should be excused. These factors include: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See, also, 44 Liquormart, Inc. v. Rhode Island*, 940 F.Supp. 437, 440 (D.R.I. 1996). Plaintiffs shall address each factor in turn.

1. <u>Prejudice</u>. Defendants will in no way be prejudiced by allowing this motion to be filed two days late. Defendants were aware from the outset of this case that plaintiffs intended to seek attorneys fees should they prevail. During this litigation, the parties cooperated with one another to streamline discovery, eliminate factual disputes and submit this matter to this

Court on the papers in part to control litigation costs. Affidavit of Howard Merten, ¶ 13. Only recently, on May 31 (the fourteenth day after entry of judgment), plaintiffs' counsel attended meetings with Robert Kando, the Board of Elections Executive Director, and others regarding attempts to pass a ballot advocacy bill.[1] During these meetings, the subject of plaintiffs' impending attorneys' fees application was discussed, both in a joking manner and substantively. Substantively, Mr. Kando mentioned to legislative leaders his concern that they pass a comprehensive and constitutional ballot advocacy bill precisely so he could avoid paying attorneys fees in future actions to people like plaintiffs' counsel. Merten Aff. ¶¶ 11-12. So defendants knew and understood—within the fourteen day period—that such a motion was intended.

Further, defendants have not and will not suffer any prejudice should the Court grant this two day enlargement. The time for any appeal of the Court's judgment has not run and will not run for two more weeks. *See* F.R. Civ.P. 54(d), 1993 Advisory Committee Notes ("One purpose of this provision is to assure that the opposing party is informed of the claim [for fees] before the time for appeal has elapsed.") The need for either party to appeal will be obviated if their joint efforts to achieve comprehensive legislative treatment of this issue are achieved. So far as plaintiffs are aware, defendants have not had any change of circumstances in the intervening two days that would render this requested enlargement prejudicial.

---

[1] Since the Court's decision on the merits, plaintiffs, plaintiffs' counsel and the Board of Elections have been working diligently, together with other amici who participated in this action, to obtain passage of a comprehensive ballot advocacy bill they drafted and submitted jointly to the General Assembly. Merten Aff. ¶¶ 9-11. That bill passed the Senate on May 30, 2006 and is now scheduled for a House vote on June 6, 2006.

2. The length of the delay and its potential impact on judicial proceedings. The delay involved here is minimal—only two days. Plaintiffs have sought to minimize the impact of this delay by informing defendants' counsel that this motion was coming and hand-delivering the motion on the day it was filed.

3. The reason for the delay. The reasons for counsel's two-day delay, set forth in the Affidavit of Howard Merten, are analogous to those presented in the *RI Assoc. of Realtors* case. Plaintiffs' counsel frankly concedes that the explanation provided here, were it the sole factor under *Pioneer Inv. Servs.*, might not warrant relief. Nevertheless, unusual circumstances beyond the ordinary press of business, are not automatically insufficient either.

First, for the past two weeks, plaintiffs' counsel has been involved in an all-consuming, time-sensitive and extremely urgent and contentious matter. The day after the judgment entered, plaintiffs' counsel received a complaint seeking immediate relief and notice of a hearing the very next day on the Formal and Special Cause Calendar in the Rhode Island Superior Court. Plaintiffs' counsel has devoted on average fifteen (15) hours per day to litigating and negotiating a resolution to this dispute (and attempting to keep up on his other matters). This matter involved the transfer of possession of a tug and barge in which tens of millions of dollars and the avoidance of the bankruptcy or receivership of a local shipyard were at stake. As an indication of the urgency of this mater, the Superior Court ordered the parties to appear in Court on Saturday, May 20 for a compulsory negotiation session. The parties worked through the weekend of May 20 and 21 and late into the night all of the following week, negotiating not only the terms of the deal but more than forty different items necessary for a closing. Negotiations and controversy continued through May 31, 2006. The final closing took place only on June 1, 2006. Merten Aff., ¶¶ 4-7.

Second, plaintiffs' counsel labored under a misapprehension as to when the fee

application was due and how the timing of the application jibed with the time for any appeal. Plaintiffs counsel in the past several years has been involved in two previous litigations as a volunteer lawyer for the RI ACLU in which he has sought attorneys fees. In both cases, the judgment was immediately appealed by defendants and the attorneys fees issue was resolved after the appeal. Plaintiffs' counsel, distracted by other exigent work, did not confirm whether the due date for the fee application was the same as the time for filing the appeal. Merten Aff., ¶ 8.

(4) Good faith. Plaintiffs' counsel's above explanation perhaps applies with more weight to the factor of good faith than whether his inadvertence was excusable. Plaintiffs' counsel did not wait until now to file this motion out of disrespect for this Court's rules or because of a lack of regard for the affairs of his clients. Counsel intended to seek attorneys fees promptly and appropriately. Upon realizing his mistake, counsel immediately prepared and filed this motion in one day's time. Plaintiffs' counsel seeks only a minimal amount of time to file the remaining materials in further support of this motion.

Plaintiffs' and plaintiffs' counsel's good faith is also demonstrated by their substantial and continuing efforts to build on the results of this lawsuit to develop and pass, along with the defendant Board, a comprehensive, constitutional and effective legislative substitute for the remains of the Rhode Island Campaign Finance Act as regards ballot advocacy. On the day the motion for fees was due, May 31, 2005, plaintiffs' counsel volunteered a substantial portion of that day to meet with the Board's executive director, other community groups and with legislative leaders and to compile and relay further information requested by those legislative leaders, all in an effort to achieve passage of meaningful and constitutional legislation in this area.

## CONCLUSION

For the reasons stated above, this Court should allow plaintiffs to proceed with their motion for attorneys fees and allow plaintiffs until June 6, 2006 to file the remaining materials in support of this motion.

RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION,
INC. AND STEVEN BROWN,
INDIVIDUALLY AND IN HIS
CAPACITY AS EXECUTIVE DIRECTOR
OF RHODE ISLAND AFFILIATE,
AMERICAN CIVIL LIBERTIES UNION,
INC.,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: June 2, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS FEES was mailed, postage prepaid, on this 2nd day of June, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

859239_1/800056-2

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RHODE ISLAND ASSOCIATION
OF REALTORS, INC.

v. C.A. NO. 97-593-T

SHELDON WHITEHOUSE, Attorney General
for the State of Rhode Island

**ORDER GRANTING EXTENSION OF TIME TO REQUEST ATTORNEYS' FEES**

The Rhode Island Association of Realtors, Inc. (the "Association"), having secured a judgment from this Court declaring that R.I. Gen. Laws § 38-2-6 is unconstitutional, now moves for attorneys' fees pursuant to 42. U.S.C. § 1988. This Court issued its amended judgment on June 11, 1999. Under Rule 54(d), the Association had fourteen (14) days from that date in which to file its request for attorneys' fees. Because of weekends, the deadline for filing was June 28. The Association did not submit its motion until July 2, four days too late. It now seeks "an extension of time, nunc pro tunc, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure." The Defendant objects.

Rule 6(b)(2) provides that a district court does not have to apply a time limit rigidly when a party's failure to meet the deadline was the result of "excusable neglect." The Supreme Court recently explained what is meant by the term "excusable neglect." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392-395. "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute

26

'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept.'" Id. at 392 as quoted in 44 Liquormart, Inc. v. Rhode Island, 940 F. Supp. 437, 440 (D.R.I. 1996). The Court stated that there were several factors lower courts should consider when determining whether a party's failure to comply with court rules should be excused. These include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer, 503 U.S. at 395.

The movant in this case gives the following reasons why it believes its tardiness should be excused: (1) The Association did not receive the Amended Judgment until two days after the Court entered that judgment; (2) Counsel had an extremely busy legal practice in June, which included out-of-town trips; (3) Counsel was unaware of the 1993 amendment to Rule 54(d), which established the 14-day deadline; and (4) counsel enlisted an associate to research the deadline for filing such a motion, and the associate relied on a treatise, which did not inform him of the time limit imposed by the 1993 amendment. None of the reasons provide an acceptable explanation for the Plaintiff's delay. Thus, if this Court were to rely solely on the third Pioneer factor, it would deny the Plaintiff's motion for an extension of time.

However, application of the other Pioneer factors indicates that a reprieve should be forthcoming. The Defendant has made no showing that granting an extension of time will prejudice its rights; the Plaintiff was only four days late in filing its motion; and it appears to have acted in good faith. See id. This Court, therefore, will grant the Plaintiff's request for an extension of time in which to file a motion for attorneys' fees.

It is so ORDERED.

Ernest C. Torres
United States District Judge

Date: 9/7 , 1999