# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. AND STEVEN BROWN, INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC.,

Plaintiffs

v.

C.A. No. 04-487/T

ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE RHODE ISLAND BOARD OF ELECTIONS, ET AL.,

Defendant

THE GREATER PROVIDENCE CHAMBER OF COMMERCE,

Intervenor

## AFFIDAVIT OF HOWARD MERTEN

Howard Merten, being duly sworn, states:

1. I am an attorney with Partridge Snow & Hahn LLP.

2. I have prosecuted this litigation as a volunteer cooperating attorney for the Rhode Island Affiliate of the American Civil Liberties Union. Apart from an award of attorneys fees in this matter pursuant to 42 U.S.C. § 1988 neither I nor my firm will receive any compensation for the work I have done on this matter.

3. I received a copy of the judgment entered by this Court in this matter by facsimile on the afternoon of May 17, 2006. Exhibit A.

4. The very next day I received a complaint in an unrelated matter attached hereto as Exhibit B. Along with that complaint, I received notice of a hearing for emergency expedited relief to be held the next morning in the Rhode Island Superior Court.

5. The complaint attached as Exhibit B concerned a very complex and urgent matter that consumed essentially all of my working hours, with only brief respites, for the next two weeks. The dispute concerned a threatened bankruptcy or receivership of a Rhode Island shipyard and attempts to avert that potentially disastrous outcome by the transfer and assignment of a contract to complete construction of a partially built tug and barge valued at several tens of millions of dollars (the "Shipyard matter").

6. Throughout the next two weeks, the Rhode Island Superior Court held intermittent conferences on the Shipyard matter and held all parties' feet to the fire to prompt a resolution to the dispute. The Superior Court's intervention even included an extended weekend negotiating session in the courthouse on Saturday, May 20, 2006.

7. From May 18 to May 30, the demands of the Shipyard matter were extraordinary. I worked on average close to fifteen hours a day on the Shipyard matter and on trying to keep up on my other matters. In the brief times away from the Shipyard matter, I attempted to keep track of the activities and due dates in my other cases.

8. In this particular case, I made sure to tickle the due date for any notice of appeal but neglected to separately investigate and confirm the due date for any motion for attorney's fees. In part this was due to my own confusion as to the due date resulting from my involvement over the past several years in earlier fee applications under 42 U.S.C. § 1988 where the issue was resolved after an appeal. Under the unusual time pressures and demands presented by the Shipyard matter, I mis-remembered the procedures I had followed in those earlier cases, thinking I had the same thirty day period as I had for the appeal. That was a mistake.

9. During this extremely busy two weeks, I also made time to continue my volunteer efforts on behalf of the RIACLU and several other interested groups including the defendant Board of Elections, to advocate for passage of proposed legislation to provide a comprehensive fix to the numerous complex issues posed by regulation of ballot advocacy campaign finance. This matter also was urgent in light of the legislative calendar in the General Assembly.

10. Since this Court's decision, the RIACLU and the Board of Elections have been collaborating with others to advocate the passage of a bill designed to exclusively and comprehensively regulate ballot advocacy.

11. On May 31, 2006, I met with several members of this group, including Robert Kando, the Executive Director of the Board of Elections. That day, this same group met with legislative leaders. The purpose of those meetings was to advocate for the passage of proposed legislation that the RIACLU, Board of Elections and several of the organizations involved as amici in this suit jointly drafted and proposed to the General Assembly. Later that day, I spent several hours researching issues raised during our discussions with legislative leaders in order to provide them with information for a vote scheduled the next day.

12. During those meetings, Mr. Kando and I jokingly referenced that the Board would be paying my fees soon. More substantively, in his discussions with legislative leaders, Mr. Kando referenced his desire to avoid paying attorneys fees in future cases as he would have to do as a result of this case. Mr. Kando identified this as one of the reasons the legislature should pass the proposed legislation.

13. During the prosecution of this action, counsel for the Board and I also had discussions about ways to control fees in this matter by streamlining and limiting discovery and submitting this matter on the papers.

14. My failure to file the instant motion by May 31, 2006 was in no way intentional, nor was it in any way a sign of disrespect for this Court or its rules and deadlines. I hold myself to a higher standard and am embarrassed by this error.

Howard Merten

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, in said County, on the 2d day of June, 2006, before me personally appeared the within-named Howard Merten, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him so executed to be true and correct.

Notary Public
Print Name: Shari L. Boyd
My Commission Expires: 7/26/09

DATED: June 2, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing AFFIDAVIT OF HOWARD MERTEN was mailed, postage prepaid, on this 2nd day of June, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

859253_1/800056-2

FILED