LITTLE MEDEIROS KINDER
BULMAN & WHITNEY PC

72 Pine Street Providence, RI 02903
401-272-8080 Facsimile 401-521-3555

# FACSIMILE COVER SHEET

__17__ pages (including cover)

**TO:** Howard Merten, Esquire
**FAX:** 861-8210
**DATE:** May 18, 2006
**FROM:** John E. Bulman, Esquire

**SUBJECT:** SENESCO, et al. v. USCS – ATB LLC, et al.

Attorney Merten,

Attached is a Complaint for Declaratory and Supplemental Relief which is being filed today. We are requesting a hearing before Judge Silverstein tomorrow and will notify you of the time once we are advised.

Thank you.

Confidentiality Note:

The facsimile contains privileged and confidential information intended only for the use of the recipient named above. If the reader of this facsimile is not the person, agent or employee of the person named above, you are hereby notified that dissemination or copying of the facsimile is strictly prohibited. If you have received this document in error, please notify sender immediately by telephone and send the facsimile to the above address via US postal service. Thank you.

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| SOUTHEASTERN NEW ENGLAND SHIPBUILDING CORPORATION and MALCOLM G. CHACE, Plaintiffs | ) | |
| VS. | ) | C.A. NO. 06- |
| USCS – ATB LLC, US CHEMICAL SHIPPING LLC and U.S. SHIPPING LLC, Defendants | ) | |

**COMPLAINT FOR DECLARATORY AND SUPPLEMENTAL RELIEF**

Plaintiffs Southeastern New England Shipbuilding Corporation and Malcolm G. Chace bring this action against USCS – ATB LLC, US Chemical Shipping LLC and U.S. Shipping LLC pursuant to R.I. Gen. Laws § 9-30-1, *et seq.* for a declaration of the parties' respective rights, duties and obligations under a Memorandum of Understanding dated May 11, 2006, and for such necessary collateral and ancillary relief as this Court deems just and appropriate.

1. Plaintiff Southeastern New England Shipbuilding Corporation is a Delaware corporation with its principal place of business located in North Kingstown, Rhode Island (hereinafter "SENESCO Marine").

2. Plaintiff Malcolm G. Chace is a resident of Providence, Rhode Island (hereinafter "Chace"). Chace and SENESCO Marine are collectively referred to herein as "SENESCO Parties."

3. Defendant USCS – ATB LLC is a Delaware limited liability company.

4. Defendant US Chemical Shipping LLC is a Delaware limited liability company.

5. Defendant U.S. Shipping LLC, formerly known as USS Vessel Management, Inc., is Delaware corporation.

6. Defendants USCS – ATB LLC, US Chemical Shipping LLC, and U.S. Shipping LLC are hereinafter collectively referred to as the "US Shipping Parties."

7. Jurisdiction over this matter is vested in this Court pursuant to R.I. Gen. Laws § 9-30-1.

8. Venue is proper pursuant to R.I. Gen. Laws §9-4-3 inasmuch as Plaintiff Chace is a resident of Providence County, Rhode Island.

9. The SENESCO Parties and the US Shipping Parties entered into a binding settlement agreement entitled a Memorandum of Understanding dated May 11, 2006 (hereinafter the "MOU"). A true and accurate copy of the MOU is attached hereto as Exhibit A.

10. The MOU provided for, *inter alia*, a global settlement of all disputes and controversies arising from an Agreement dated August 7, 2004 related to the construction of a tugboat and an articulated tug barge ("August 7, 2004 Agreement").

11. In addition, the MOU provided for, *inter alia*, payment of money by the SENESCO Parties into escrow, the exchange of general releases and delivery of certain documents and other materials.

12. Under the MOU the August 7, 2004 Agreement was cancelled with "financial effect" on May 11, 2006 and the MOU provided for a formal closing to take place at 2:00 p.m. on May 18, 2006, at which time certain "Operational Documents" would be executed and delivered. The transfer of "operational responsibility" under the MOU was to take place the day after the closing.

13. A critical and material provision of the MOU requires that the SENESCO Parties at the closing pay $20,000,000 (subject to certain adjustments set forth in the MOU) to the US Shipping Parties.

14. The MOU also provides for the delivery and cancellation of certain letters of credit given by Plaintiff Chace and issued by Bank of America (the "$3,000,000 Tug Letter of Credit, No. RS64136375, dated October 21, 2004, as amended" and the "$15,000,000 Barge Letter of Credit, No. RS64136:69, dated October 21, as amended."), the cancellation of which are necessary, and anticipated by the parties, to allow the funding of the $20,000,000 escrow.

15. The MOU provides at Paragraph 7 that in the event the parties are unable to timely reach agreement on the terms and conditions of the Operative Documents, the closing would nonetheless take place on May 18, 2006 and:

> the mutual releases contemplated hereby shall become effective and SENESCO shall pay the sum of $20 Million into escrow and be thereupon discharged and released from any operational and construction responsibilities regarding the ATB.

16. The parties to the MOU did not designate an escrow agent nor did the parties set forth the precise terms of the escrow agreement relating to the payment, thus creating an uncertainty that this Court is empowered to remove.

17. The parties did establish a dispute resolution procedure for irreconcilable disputes relating to the Operative Documents that involves expedited mediation and binding arbitration which becomes effective after closing.

18. As of the filing of this complaint, no closing has taken place nor have any disputes over the Operative Documents reached an irreconcilable stage.

19. The SENESCO Parties wish to deposit the funds into an escrow account in accordance with the express terms of the MOU, but no escrow agent or escrow agreement has been agreed upon by the parties to the MOU.

20. The SENESCO Parties have the right to deposit said funds in an escrow account in order to perform their obligations under the MOU and in order to make the releases provided for in the MOU to become effective.

21. The US Shipping Parties have the obligation to agree to accept into escrow said funds in order to perform their obligations under the MOU.

22. The SENESCO Parties believe that a unilateral deposit of funds into an escrow account without the agreement of the US Shipping Parties or an order of this Court places the SENESCO Parties at great financial and legal risk.

23. The uncertainty created by the delay in the closing and the lack of a funded escrow will cause substantial hardship to <u>all</u> parties to the MOU and has already severely disrupted relations with vendors, suppliers and employees who have, citing the uncertainty, threatened to discontinue business relationships with US Shipping and SENESCO.

WHEREFORE, the SENESCO Parties respectfully request the following relief:

A. A declaration of the respective rights, duties and obligations of the parties under the pertinent provisions of the MOU.

B. Pursuant to the Court's authority under R.I. Gen. Laws §9-30-8, the appointment of an escrow agent empowered to receive the $20,000,000 payment provided for in the MOU and to hold said escrow in accordance with the terms of the MOU and until further order of this Court.

C. An order declaring the Tug Letter of Credit and Barge Letter of Credit cancelled and further ordering that the $18,000,000 in credit made available by the cancellation of said letters of credit be used for the deposit in escrow authorized hereunder.

D. Such further and other relief as this Court may deem appropriate under the circumstances.

SOUTHEASTERN NEW ENGLAND
SHIPBUILDING CORPORATION
By its attorneys,

Christopher H. Little (#1789)
John E. Bulman (#3147)
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, RI 02903
(401) 272-8080
Fax: (401) 521-3555

MALCOLM G. CHACE
By his attorneys,

Mark W. Freel (#4003)
Edwards Angell Palmer & Dodge, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
Fax: (401) 276-6611

Dated: May 18, 2006

P:\JOHN\Senesco\Complaint-5-18-06.doc