**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. AND STEVEN BROWN, INDIVIDUALLY AND IN HIS CAPACITY AS EXECUTIVE DIRECTOR OF RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC., Plaintiffs | |
| v. | C.A. No. 04-487/T |
| ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE RHODE ISLAND BOARD OF ELECTIONS, ET AL., Defendant | |
| THE GREATER PROVIDENCE CHAMBER OF COMMERCE, Intervenor | |

**AFFIDAVIT OF HOWARD MERTEN**

Howard Merten, being duly sworn, states:

1. Since May 16, 2005, I have been a partner in the law firm of Partridge Snow & Hahn. Before that, during all times relevant to this motion, I was a principal in the law firm of Vetter & White, Inc.

2. I have been a member of the Rhode Island Bar and the Bar of this Court since 1984.

3. Throughout my career, I have developed significant experience in the area of constitutional litigation on behalf of various clients and while working as a volunteer

participating attorney with the Rhode Island Affiliate of the American Civil Liberties Union ("RI ACLU").

4. I brought the present lawsuit as a volunteer participating lawyer for the RI ACLU on its own behalf and on behalf of its executive director, Steven Brown. Any fees for the work done in this matter are contingent upon an award of fees under 42 U.S.C. §1988 on behalf of the prevailing plaintiffs.

5. Attached hereto as Exhibit A are copies of my biography as well as the *Martindale-Hubbell* entry for Michael J. Daly, an associate at Vetter & White who worked with me on this matter.

6. Plaintiffs RI ACLU and Brown brought this suit seeking declaratory and injunctive relief regarding portions of Rhode Island's Campaign Contributions and Expenditures Reporting Act, R.I.G.L. §§ 17-25-1, et. seq. (the "Act"), which they alleged violated their First Amendment rights.

7. Attached hereto as Exhibit B is an itemized statement of the fees plaintiffs seek for prosecuting this action to date. Exhibit B was prepared from contemporaneous time records which set forth by attorney and date the time spent and tasks performed. Exhibit B1 is composed of time entries for work done up until May 15, 2006 while Mr. Merten was a principal of Vetter & White, Inc. Exhibit B2 is composed of time entries for work done form May 16 to the present while Mr. Merten was a partner at Partridge Snow & Hahn.

8. In preparing Exhibit B, I have eliminated substantial time entries for employees and paralegals other than for myself, Attorney Daly and Deana M. Ardente, a paralegal at Partridge Snow & Hahn, to avoid any claim of duplication of efforts and in an attempt to present a reasonable request for fees in this matter that reflects the work necessary and the results obtained.

9. Exhibit B reflects substantial time spent on this matter by Michael W. Sweeney, who at the times reflected on Exhibit B was an associate of Partridge Snow & Hahn. Plaintiffs do not seek any compensation for Attorney Sweeney's time nor does Exhibit B reflect any charges for that time, though the Exhibit does describe the work he did and the time spent. Attorney Sweeney contributed substantial, valuable time and effort to the prosecution of this matter. Plaintiffs have eliminated any fees associated with his work, in the exercise of billing discretion, to present this Court with a fee application that is reasonable and well within the range of an acceptable fee application for the work done on this matter.

10. Exhibit B also reflects time spent pursuing a request for a temporary restraining order in February, 2006. Plaintiffs were not successful on that motion. Time entries for those efforts are contained in Exhibit B but all charges related to that requested relief have been eliminated from this fee application.

11. Plaintiff's counsel has also spent a substantial amount of time since this matter was submitted to the Court for decision working with a coalition of various non-profit groups (most of whom participated as *amicus curiae* in this action at the Court's request) and with the Board of Elections seeking a legislative solution to the issues raised in plaintiffs' complaint. These efforts have included drafting proposed legislation, numerous meetings with interested groups to negotiate acceptable terms, meeting with various interested legislators and educating legislators and other participants to the complexities of campaign finance regulation of ballot question advocacy.

12. Successful adoption of the proposed legislation would present a permanent, comprehensive and proactive solution to the problems and issues raised in this lawsuit, remedy gaps left as a result of the Court's ruling on this matter and obviate the need for any possible appeal by either party in this action.

13. Exhibit B contains time entries for the work of plaintiffs' counsel in connection with these efforts. However, all charges connected with those legislative efforts have been eliminated from and are not included in this request for fees.

14. The requested attorneys' fees set forth in Exhibit B total $73,456.75. These fees, as set forth more fully below, cover the successful pursuit of this lawsuit and events leading up to it, from September 2004 through the date of submission of this application.

15. The requested fees have been computed using rates at or below my and the other relevant attorney's customary and usual hourly rates charged to other clients at the time the work on this case was done. Those hourly rates are as follows:

| | |
|---|---|
| Howard Merten (Partner) | $250 - $265 |
| Michael Daly (Associate) | $135 - $145 |
| Deana M. Ardente (Paralegal) | $85 |

16. Based on my knowledge and experience, those rates are comparable to fees customarily charged for similar work at comparable firms in this locality for that same time period by lawyers of similar experience.

17. In October 2001, Presiding Justice Rodgers approved a fee application for me in another Rhode Island A.C.L.U.-sponsored suit based upon an hourly rate of $220 for work done by me more than five years ago. The state defendants in that suit did not object to the appropriateness of that rate. Likewise, in November 2001, plaintiffs' counsel sought fees at an hourly rate of $220 per hour in Bonas v. Town of North Smithfield, C.A. No. 01-241. Defendants' counsel, Marc DeSisto, did not objection to that hourly rate.

18. In further support of reasonableness of the requested rate, I have submitted the affidavits of Benjamin V. White, III and Joseph V. Cavanagh, Jr.

19. In prosecuting this case, over the past twenty-two months, plaintiffs' counsel performed, among other tasks, the following legal services:

- Met with the clients to obtain necessary background;
- Reviewed various Advisory Opinions issued, revoked and reinstituted by Board, including the administrative records for such rulings;
- Reviewed and analyzed the Board's regulations, reporting forms, minutes and website;
- Thoroughly analyzed the very complicated and confusing statutes at issue in this case;
- Researched the legal basis for plaintiffs' claims, including the scope of the federally protected rights under the First Amendment, numerous campaign finance cases, both Supreme Court and otherwise, as well as issues related to 42 U.S.C. § 1983, etc.;
- Analyzed AO-95-01and negotiated with the Board regarding its readoption and implementation;
- Prepared for possible early temporary restraining order motion and negotiations with Board regarding staying enforcement of AO-95-01 until after 2004 elections;
- Reviewed and responded to complaint filed against RI ACLU by Operation Clean Government and negotiated stay of enforcement proceedings with the Board;
- Prepared and served plaintiffs' six count complaint;
- Reviewed defendants' answer and researched the various defenses raised there and at conferences with this Court;
- Tracked and analyzed legislation proposed by the Board and submitted to this Court;
- Conducted discovery, including preparing interrogatories and requests for production;
- Responded to discovery from defendants, including the investigation of RI ACLU's communications with its members, prior ballot advocacy activities and fundraising methods;
- Reviewed the documents produced by defendants for inclusion in plaintiffs' trial submission;
- Investigated, developed and presented facts regarding the pending Voting Rights ballot question, coordinated communications with involved groups and developed related facts for submission to the Court and in discovery;

- Prepared a fifty-one page Trial Memorandum in support of plaintiffs' claims, together with a Statement of Facts in Support of the Trial Memorandum;

- Selected exhibits for submission of the case on the papers, compiled and organized same;

- Reviewed and analyzed defendants' Trial Memorandum and cited cases, and researched and responded to the arguments raised in defendants' Trial Memorandum, including waiver of fundamental rights, standing, equitable arguments, and evidentiary issues respecting affidavits submitted by defendants;

- Prepared and filed a Reply Memorandum to defendants' Trial Memorandum;

- Researched standing, ripeness, mootness, deference to agency interpretation, and related issues in response to positions taken by defendants;

- Analyzed and responded to proposed regulations of the Board forwarded to the Court and conferred with defendants' counsel regarding same;

- Participated in various meetings and communications with defense counsel regarding potential legislative and administrative resolutions of this dispute;

- Prepared for and attended oral argument;

- Coordinated strategy and efforts with intervenor plaintiff Greater Providence Chamber of Commerce;

- Conferred with the Rhode Island Department of Attorney General regarding the Court's request for participation, case background, relevant case law; and

- Coordinated strategy and efforts with numerous *amicus curiae*, including providing case filings, discovery materials, background information and legal research.

20. Successful prosecution of this action required research and inquiry into various novel and difficult areas of law. These issues are explored more fully in the Supplemental Memorandum of Law submitted with this affidavit. The rights at stake and the issues raised in this lawsuit touched upon critically significant public and citizen interests and

fundamental constitutional rights. The involvement of the various *amicus curiae* demonstrate that, as did this Court's invitation for *amicus curiae* to participate.

21. Attached as Exhibit C is a copy of documents evidencing costs totaling $1,614.90 for reasonable and necessary copying of documents in this case, with the pertinent charges circled. Plaintiffs have submitted only those invoices for copying done by outside vendors and have eliminated any charges for copying done in-house ($655.28).

22. Attached as Exhibit D is a copy of documents evidencing costs totaling $4,174.30 for computer aided research necessary for the prosecution of this action.

Howard A. Merten

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, in said County, on the 6th day of June, 2006, before me personally appeared the within-named Howard A. Merten, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him so executed to be his free act and deed.

Notary Public
Print Name: Shari L. Boyd
My Commission Expires: 7/26/2009

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing AFFIDAVIT OF HOWARD A. MERTEN was mailed, postage prepaid, on this 6th day of June, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

Sharon W. Berg

859426_1/800056-2