**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC. and STEVEN BROWN, Individually and in his Capacity as Executive Director of Rhode Island Affiliate, American Civil Liberties Union, Inc.** *Plaintiffs* | : | |
| **Vs.** | : | **C.A. No. 04-487T** |
| **ROGER N. BEGIN, in his Official Capacity as Chairman of the Rhode Island Board of Elections, and THOMAS V. IANNITTI, JUDITH H. BAILEY, JOHN A. DALUZ, FLORENCE G. JOHNSON, FRANK J. REGO, RAYMOND A. XAVIER, in their Capacities as Commissioners of the Rhode Island Board of Elections and GEORGE BOWEN, in his Official Capacity as Acting Executive Director** *Defendants* | : | |
| **THE GREATER PROVIDENCE CHAMBER OF COMMERCE** *Intervenor* | : | |

**OBJECTION TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME**

Now come the Defendants in the above-captioned civil action and object to the Plaintiffs' Motion for Enlargement of time, *nunc pro tunc*, to submit their motion for attorneys' fees. As reason therefore, Defendants state that Plaintiffs' failed to file their motion for attorneys' fees in a timely manner and without good cause. Defendants further rely on their attached Memorandum of Law in support of their objection.

Defendants,
By their Attorneys,

Raymond A. Marcaccio, Esq. #3569
Julie P. Hamil, Esq. #6887
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: June 9, 2006

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FOR ENLARGEMENT* was mailed, postage prepaid, on this 9th day of June, 2006 to:

Howard A. Merten, Esq.
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

Thomas Palombo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **RHODE ISLAND AFFILIATE AMERICAN CIVIL LIBERTIES UNION, INC. and STEVEN BROWN, Individually and in his Capacity as Executive Director of Rhode Island Affiliate, American Civil Liberties Union, Inc.** *Plaintiffs* | : | |
| **Vs.** | : | **C.A. No. 04-487T** |
| **ROGER N. BEGIN, in his Official Capacity as Chairman of the Rhode Island Board of Elections, and THOMAS V. IANNITTI, JUDITH H. BAILEY, JOHN A. DALUZ, FLORENCE G. JOHNSON, FRANK J. REGO, RAYMOND A. XAVIER, in their Capacities as Commissioners of the Rhode Island Board of Elections and GEORGE BOWEN, in his Official Capacity as Acting Executive Director** *Defendants* | : | |
| **THE GREATER PROVIDENCE CHAMBER OF COMMERCE** *Intervenor* | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ENLARGEMENT**

The Defendants hereby object to Plaintiffs' Motion for Enlargement of time, *nunc pro tunc*, to submit their motion for attorneys' fees. Plaintiffs have not satisfied their burden of proof, which is to establish good cause in support of their untimely petition for fees.

Plaintiffs' Reliance on Fed.R.Civ.P. 6(b) and *Pioneer* are Misplaced

In support of their Motion for Enlargement, Plaintiffs rely upon Fed.R.Civ.P. 6(b)(2), a rule of general application, which confers upon hearing courts the discretion to enlarge the time for filing time-sensitive motions even after the period for such filing has expired. Further, Plaintiffs cite the standards enunciated in *Pioneer Ins. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993) with respect to the term "excusable neglect," as that term is used in Rule 6(b)(2), in support of their Motion for Enlargement. Plaintiffs assert that their failure to timely file their motion for fees qualifies as excusable neglect and that they should therefore be allowed to file said motion even though the deadline for doing so has passed.

Plaintiffs' reliance on the 'excusable neglect' standard set forth in Fed.R.Civ.P. 6(b)(2) and defined in *Pioneer* is misplaced. Defendants respectfully submit that the standard adopted by the District Court of Rhode Island in the form of Local Rule 54.1 is more stringent than the standards relied upon by the Plaintiffs and dictates that the Plaintiffs' motions be denied. Rhode Island District Court Local Rule 54.1(a) reads:

> "**Time of Request.** Unless otherwise ordered by the Court or provided by law, a party seeking an award of attorneys' fees that are not an element of damages to be proven at trial shall serve and file a motion for attorneys' fees not later than fourteen (14) days after the entry of judgment. ***Except for good cause shown, failure to file a motion within that time shall be deemed a waiver of any claim for attorneys' fees.***" (emphasis added)

It is not uncommon for Local Rules to set more specific standards than the Federal Rules of Civil Procedure. *See Torres-Rosado v. Rotger-Sabat,* 335 F.3d 1 (1st Cir. 2003) (supporting district court's enforcement of local rule setting time periods for filing opposition motions); *Travelers Indemnity Company of Illinois v. Shilo Automatic Sprinkler, Inc.*, 230 F.R.D. 281, 285 (D.R.I. 2005) (calling for adherence to local rule

requiring more specific statement of objections under Local Rule 32(c)(2)); *Sackall v. Heckler*, 104 F.R.D. 401, 401 (D.R.I. 1984) (pointing out stricter quality of Local Rule 32(c)(2) as opposed to Fed.R.Civ.P. 72(b)). Likewise, it is the well-settled right of the District Courts to propound, and enforce local rules and to demand strict adherence thereto. *See Nepsk, Inc. v. Town of Houlton*, 283 F.3d 1, 6 (1st Cir. 2002) (citing a string of cases from this and other jurisdictions standing for principle that district courts may go so far as to dismiss a matter for failure to comply with local rules).

District Court of Rhode Island Local Rule 54.1 states specifically that "[e]xcept for *good cause shown*, failure to file a motion within that time [14 days] shall be deemed a waiver of any claim for attorneys' fees" (emphasis added). D.R.I. LR-Civ. 54.1. In adopting this Local Rule, the District Court of Rhode Island exercised its right to specify the procedure by which Fed.R.Civ.P. 54(d)(2) is applied in this jurisdiction. The Local Rule calls upon litigants to adhere vigilantly to the time lines prescribed by the Court; failure to do so can only be justified by a showing of good cause.

Defendants assert that Local Rule 54.1 is the codification of this Court's discretionary power in regard to enlarging time for the filing of motions for attorneys' fees. In adopting the local rule, the Court imposed upon parties a burden of proof different from that burden contemplated under Fed.R.Civ.P. 6(b). If the Court had intended for the 'excusable neglect' standard (and by implication, the *Pioneer* factors) to govern the analysis of late petitions for attorneys' fees, the Court would have used those words. The deliberate use of the term 'good cause' implies that the Court sought to apply its discretionary power on a case-by-case basis without being constrained by the rubric of the *Pioneer* analysis.

Plaintiffs Failed to Demonstrate Good Cause as Reason for Their Late Filing

This Court has yet to interpret the term 'good cause' as that term is used in Local Rule 54.1. Good cause is a term frequently used and subject to differing interpretations depending upon the context.[1] In a decision dated January 12, 2006, Magistrate Martin of this Court described good cause as "a mutable standard, varying from situation to situation, but it is not so elastic as to be devoid of substance." *Sun Life Assurance Company of Canada v. Conroy, et al.*, 2006 WL 561500 (D.R.I. 2006), citing *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 503 (1st Cir. 1983).

In a very recent decision, this Court denied an appellant's late notice of appeal, which the Court treated as a motion to extend time to file an appeal. *See United States v. Salcedo*, 2006 WL 1549058 (D.R.I. 2006) (Lisi, J.). Pursuant to Fed.R.App.P. 4(b)(4), the Court considered the Defendant's motion under both an excusable neglect standard and a good cause standard and denied the motion under both theories. As noted in that decision, the failure of the Defendant to put forward sufficient grounds for the late filing warranted the denial of his motion.[2] *Id.*

In general, 'good cause' calls for a substantial showing by the moving party, *beyond an assertion of mere inadvertence. See Mirpuri v. ACT Manufacturing, Inc., et al.*, 212 F.3d 624, 630 (1st Cir. 2000) (noting that 'good cause' required a showing of

---

[1] *See Steir v. Girl Scouts of the USA*, 383 F.3d 7 (1st Cir. 2004) (commenting on demanding good cause standard of Fed.R.Civ.P. 16(b)). "This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* at 12. *But see U.S. v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004) (noting liberal application of the good cause in the context of Fed.R.Civ.P. 55(a) motions); *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 187 (1st Cir. 2004) (observing liberal good cause standard as applied to Fed.R.Civ.P. 60(b) motions).

[2] Although Defendants take the position that the *Pioneer* factors are inapplicable in the instant matter, the First Circuit Court of Appeals' decision in *Graphic Communication International Union v. Quebecor Printing Providence, Inc.*, cited by this Court in the *Salcedo* decision, indicate that the Plaintiff's Motion for Enlargement should fail even under the standard of excusable neglect because they have failed to assert a "satisfactory explanation for the late filing." *See Graphic Communication International Union v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001).

factors beyond movant's control); *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (asserting that negligence or inadvertence do not equate to good cause). *See also Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). "Good cause constituting adequate justification or excuse for relief from the operation of an order or rule generally requires a showing of circumstances beyond control of the application, conduct that does not amount to inadvertence, or sound reasons that remove the case from the ordinary or routine occurrence." *Smith v. Port Hope School Dist.*, 407 F.Supp.2d 865, 868 (E.D.Mich. 2006). *See also AIG Managed Market Neutral Fund v. Askin Capital Management, L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) (acknowledging that courts may consider moving party's diligence in attempting to adhere to rule in considering good cause); *In re Dyer*, 330 B.R. 271, 276 (Bkrtcy.M.D.Fla. 2005) (holding that inadvertence and neglect do not constitute good cause).

In *Shumar v. United States*, the Supreme Court considered the untimely motion of the government under Rule 26(b) of the Federal Rules of Appellate Procedure. Similar to the instant Local Rule, Fed.R.App.P. 26(b) includes a 'good cause' standard for the granting of any motions to extend time. *See Shumar v. United States*, 423 U.S. 879 (1975). In *Shumar*, the Supreme Court opined "[i]f the good cause requirement of Rule 26(b) possesses any meaning at all, the inadvertence of a litigant cannot qualify as good cause." *Id.* at 882.

Similarly, the Supreme Court has considered the use of the term 'good cause' in the discovery rules of the Federal Rules of Civil Procedure. In *Schlagenhanf v. Holder*, the Court noted that "...by adding the words 'good cause,' the Rules indicate that there

must be greater showing of need under Rules 34 and 35 than under the other discovery rules." 379 US 104,117 (1964).

Plaintiffs assert various reasons and excuses for their late filing, none of which constitute good cause. Plaintiffs' attorney asserts that in addition to being unaware of the deadline for filing his clients' motion for attorneys' fees, he was also extraordinarily busy on a critical matter during the time following this Court's Entry of Judgment. Counsel concedes however, that "[o]n the day the motion for fees was due, May 31, 2005, plaintiffs' counsel volunteered a substantial portion of that day to meet with the Board's executive director, other community groups and with legislative leaders…" (Plaintiffs' Memorandum in Support of Motion for Attorneys Fees, at 6). Thus it is clear, that despite the important and no doubt pressing nature of counsel's practice at the time, there was ample opportunity to devote to the issues surrounding this case and its aftermath.

Plaintiffs and counsel are no strangers to this Court. Plaintiffs are sophisticated parties who routinely litigate in the District Court of Rhode Island, and who have petitioned for attorneys' fees in the past. Likewise, Plaintiffs' counsel is well aware of the obligations imposed by this Court and possesses ample resources to ascertain conclusive answers to questions regarding procedural deadlines.

While Defendants do not doubt the veracity of counsel's reasons for late filing, Defendants respectfully assert that they amount to mere inadvertence and not good cause, as required under the Local Rule. To allow Plaintiffs' Motion for Enlargement based on the reasons Plaintiffs and counsel propound would eviscerate the intention and plain meaning of Local Rule 54.1.

## Conclusion

The Plaintiffs have failed to establish good cause for bringing their late motion for attorneys' fees, as required under Local Rule 54.1. As such, Defendants respectfully request this Honorable Court deny Plaintiff's Motion for Attorneys Fees and for Enlargement.

Defendants,
By their Attorneys,

Raymond A. Marcaccio, Esq. #3569
Julie P. Hamil, Esq. #6887
OLIVERIO & MARCACCIO, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903
(401) 861-2900
(401) 861-2922 Fax

Dated: June 9, 2006

**CERTIFICATION**

I hereby certify that a true copy of the foregoing *MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FOR ENLARGEMENT* was mailed, postage prepaid, on this 9th day of June, 2006 to:

Howard A. Merten, Esq.
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903

Thomas Palombo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903