# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

RHODE ISLAND AFFILIATE, AMERICAN CIVIL LIBERTIES UNION, INC. ET AL.
Plaintiffs

v.

ROGER N. BEGIN, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE RHODE ISLAND BOARD OF ELECTIONS, ET AL.,
Defendant

THE GREATER PROVIDENCE CHAMBER OF COMMERCE,
Intervenor

C.A. No. 04-487/T

## REPLY MEMORANDUM

Defendants argue that L.R. Cv. 54.1 requires plaintiffs to show "good cause" to excuse their two-day delay and, in turn, that "good cause" is somehow more exacting than "excusable neglect." The latter standard is the standard set forth in Fed. R. Civ. P. 6(b)(2) and applied by this Court in earlier attorneys' fees decisions. *Rhode Island Assoc. of Realtors, Inc. v. Whitehouse*, C.A. No. 97-593T, 9/7/99. Defendants concede there are no decisions interpreting new L.R. Cv. 54.1. Nor does L. R. Civ. 54.1 on its face void the potential opposition of Rule 6, which expressly gives this Court authority to grant the enlargement requested here.

Further, the reference to "good cause" in L.R. Cv. 54.1 does not imply that this Court intended to adopt a higher standard than the excusable neglect standard in Fed R. Civ. P. 6(b)(2). If anything, the cases cited in plaintiffs' original memorandum and others from the First Circuit and this District imply just the opposite intent. The distinction between "good cause" and "excusable neglect" is frequently discussed in the context of comparing Rules 55(c), which governs vacating a default, and Rule 60(b), which governs setting aside a default judgment.

Both the First Circuit and this Court have characterized the "good cause" standard as the more flexible and liberal standard in this context:

> "Good cause" is a mutable standard, varying from situation to situation. It is likewise a liberal one — but not so elastic as to be devoid of substance. It derives its shape both contextually and in comparison with the more rigorous standard applicable to attempts to vacate judgments under Fed. R. Civ. P. 60(b); the "good cause" threshold for Rule 55(c) relief is lower, ergo more easily overcome, than that which obtains under Rule 60(b).

*Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). *See, also, Connetta v. National Hair Care Centers, Inc.*, 186 F.R.D. 262, 269 (D.R.I. 1999); *Dimmitt v. Ockenfels*, 407 F.3d 21, 24 (1st Cir. 2005) (describing the "good cause" standard as "more liberal" and "less stringent than the 'excusable neglect' standard" in the context of Fed. R. Civ. P. 56 and Maine Local Rules).

In the analogous context of Rule 55, the First Circuit and this Court have set out a series of factors that the Court should consider in assessing "good cause." These factors include: whether the default was willful; whether setting the default aside with prejudice the adversary; whether a meritorious defense is presented; the nature of the defendants' explanation for the default; the good faith of the parties, the amount in controversy; and the timing of the motion. *Connetta*, 186 F.R.D. at 269. These factors track the factors this Court considered in *R.I. Assoc. of Realtors*, in reviewing a motion for attorneys fees filed beyond the fourteen-day limit in Fed. Rule Civ. P. 54, and discussed in plaintiffs' original motion.

Beyond its discussion of the "good cause" standard, defendant's objection addresses one and only one of the factors that the Court should consider in rendering its decision here. Plaintiffs' counsel has explained the two-day lapse in prior filings.[1] Defendants do not

---

[1] It is disappointing that defendants, who were members of the coalition that urged him to attend what was described at the time as a critical meeting with House leadership on the pending bill, now seek to use his participation in that meeting as a reason to deny this request.

dispute, at all, the analysis of the remaining factors. They will not be prejudiced. They had actual notice of plaintiffs' intent to pursue fees in this action. They made no argument that the length of the delay supports denying this request. In comparison to the cases cited in plaintiffs' original memorandum, which all specifically discuss late applications for attorneys fees, that delay is minimal. Nor do they argue that plaintiffs' counsel's error was anything other than a good faith mistake.

At bottom, defendants ask this Court to ignore Rule 6 entirely and instead adopt a rule that looks at one element in the good cause/excusable neglect analysis and only one element. That is a harsh standard – harsher than the standard applied in prior fee application cases and in other contexts, such as removal of default judgments, that would seem to support the need for stricter enforcement of a bright line rule. By saying this, plaintiffs in no way seek to imply that the deadlines set forth in Rule 54.1 are unimportant. But by applying the factors set forth in *R.I. Assoc. of Realtors,* in *Pioneer Ins. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993) and referenced in cases discussing both Rule 6(b)(2) and the "good cause" standard in Rule 55, this Court can police and ensure meaningful compliance with its rules while at the same time ensuring that, when appropriate, parties' rights and claims are determined on their merits.

Plaintiffs By Their Attorneys

PARTRIDGE SNOW & HAHN LLP

Howard A. Merten (#3171)
180 South Main Street
Providence, RI 02903
(401) 861-8200 (401) 861-8210 FAX

DATED: June 14, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing REPLY MEMORANDUM was mailed, postage prepaid, on this 14th day of June, 2006 to:

Raymond A. Marcaccio, Esq.
Oliverio & Marcaccio, LLP
55 Dorrance Street, Suite 400
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903

Thomas A. Palumbo, Esq.
Assistant Attorney General
Office of Attorney General
150 South Main Street
Providence, RI 02903

861984_1/800056-2